Garret L. **SCHUYLER**
v.
**UNITED STATES.**
No. 548–58.

United States Court of Claims.
Jan. 20, 1960.

Pierson P. Brown, Washington, D. C., for plaintiff.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

JONES, Chief Judge.

The plaintiff, a retired Naval officer, seeks to recover retired pay withheld from him during the calendar year 1956 pursuant to section 212 of the Economy Act of June 30, 1932, as amended, 5 U.S. C.A. § 59a(a).

The question is whether plaintiff, in the circumstances of this case, was exempt from the provisions of that act, since he did not actually receive for the year 1956 a sum which, when added to the amount of his retired pay, exceeded $10,000. Section 212 is as follows:

"(a) After June 30, 1932, no person holding a civilian office or position * * * under the United States Government * * * shall be entitled, during the period of such incumbency, to retired pay from the United States for or on account of services as a commissioned officer in any of the services mentioned in Title 37, at a rate in excess of an amount which when combined with the annual rate of compensation from such civilian office or position, makes the total rate from both sources more than $10,000; and when the retired pay amounts to or exceeds the rate of $10,000 per annum such person shall be entitled to the pay of the civilian office or position or the retired pay, whichever he may elect. * * *.

"(b) This section shall not apply to any person whose retired pay, plus civilian pay, amounts to less than $10,000: * * *."

The facts briefly stated are as follows: Plaintiff, during the calendar year 1956, received retired pay at the rate of $7,300.80 per annum. During the calendar year 1956, plaintiff was also employed in a civilian position as a consultant to the Federal Civil Defense Administration at the rate of $50 per day when actually employed, limited to a maximum of 130 days for the year. Plaintiff actually worked only 49 days during the calendar year 1956, and received a total of $2,450 for his services. It was possible for plaintiff to have earned $6,500 had he worked 130 days in his civilian capacity. Accordingly, a portion of his retired pay was withheld.

Plaintiff filed a claim with the General Accounting Office for payment of that portion of the retired pay which was withheld during the calendar year 1956. The claim was denied on March 12, 1958.

It is defendant's position that, since plaintiff could have worked a maximum of 130 days in the year in question, the rate of pay for that year should be calculated by multiplying the daily rate of $50 by the maximum permitted working time of 130 days. According to this calculation it was possible for plaintiff to have earned $6,500, which, when added to his retired pay of $7,300.80, would make his total pay substantially more than $10,000.

The pay of $50 per day for 49 days (the time actually worked) amounted during the year in question to a total of $2,450 which, when added to the retired pay, totaled $250 less than the $10,000 limit embodied in the section of the statute which is quoted above.

Thus, the issue is whether the civilian pay actually received by plaintiff should be the basis for applying the statute or, on the other hand, whether the maximum number of days which the plaintiff might have worked should be the determining factor.

The Comptroller General ruled that in applying the limitation under section 212

it is the "combined rate" of the total amount of civilian work permitted and retired pay received during the year that controls.

Defendant further urges that this ruling had been in effect for some years and that in amending section 212 of the statute no change was made in the particular provision which applies to this case, and consequently that construction should prevail.

If paragraph (a) of section 212 as quoted above were standing alone there might be a plausible basis for this construction of the statute. However, paragraph (b) of the same section is as follows:

(b) This section shall not apply to any person whose retired pay, plus civilian pay, amounts to less than $10,000: * * *.

This particular paragraph does not use the term "rate of pay," but uses the term "civilian pay." Paragraph (b) exempts from the application of section 212 any person whose retired pay when added to his civilian pay does not exceed $10,000.

To reach the conclusion for which defendant contends, it would be necessary either to read paragraph (b) out of the section entirely or to read into paragraph (b) some additional words involving the rate of potential pay which are not found therein. The language of paragraph (b) as worded would become utterly meaningless if this interpretation were made. When both paragraphs (a) and (b) of section 212 are read together and interpreted together it becomes clear that it was the intention of the Congress to make the statute inapplicable to cases where the actual civilian pay plus retired pay amount to less than $10,000.

Plaintiff's motion for summary judgment is granted. Defendant's like motion is denied.

Plaintiff is entitled to recover the amount of retired pay withheld during the year 1956 and judgment will be entered to that effect. The amount of re-

covery will be determined pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.

BARKSDALE, District Judge, sitting by designation, and LARAMORE, MADDEN, and WHITAKER, Judges, concur.