Olin E. DELLINGER

v.

The UNITED STATES.

No. 83-61.

United States Court of Claims.

May 9, 1962.

Thomas H. King, Washington, D. C., for plaintiff. Clifford A. Sheldon, Washington, D. C., was on the brief.

Arthur E. Fay, Washington, D. C., with whom was Asst. Atty. Gen. William H. Orrick, Jr., for defendant.

JONES, Chief Judge.

Plaintiff, a Regular Air Force retired officer, seeks to recover the sum of $1,-553.30 which he alleges was wrongfully withheld from him by the defendant under its interpretation of section 212 of the Economy Act of June 30, 1932, as amended, 5 U.S.C.A. § 59a(a).

The facts in brief are as follows: The plaintiff was retired on January 31, 1957. He received retired pay beginning February 1, 1957. He was employed by the Post Exchange at the Parks Air Force Base as a civilian beginning July 11, 1957. He remained in the civilian employment until July 12, 1958.

Pertinent provisions of section 212 of the Economy Act of 1932, as amended, 5 U.S.C.A. § 59a(a) (1958 Ed.), are as follows:

"(a) After June 30, 1932, no person holding a civilian office or position * * * under the United States Government * * * shall be entitled, during the period of such incumbency, to retired pay from the United States for or on account of services as a commissioned officer in any of the services mentioned in Title 37, at a rate in excess of an amount which when combined with the annual rate of compensation from such civilian office or position, makes the total rate from both sources more than $10,000; and when the retired pay amounts to or exceeds the rate of $10,000 per annum such person shall be entitled to the pay of the civilian office or position or the retired pay, whichever he may elect. * * *

"(b) This section shall not apply to any person whose retired pay, plus civilian pay, amounts to less than $10,000: * * *."

The issue turns on whether a calendar year basis of calculation should be used for the purpose of applying the restriction of the Act, as contended for by plaintiff, or whether the calculation of the year should begin July 11, 1957, when plaintiff began his civilian employment at the Post Exchange.

If the calendar year method is used, the amounts of retired and civilian pay collected by plaintiff during each of the years 1957 and 1958 amounted to less than $10,000. However, if the year is calculated as beginning July 11, 1957 and ending July 11, 1958, the total pay col-

lected by plaintiff for that year exceeded the $10,000 limitation by the sum of $1,553.30. It is this amount defendant withheld from plaintiff's retirement pay, and the amount plaintiff seeks to recover as erroneously withheld.

Both parties cite our decision in the case of Schuyler v. United States, D.C., 180 F.Supp. 417. While we mentioned the term "calendar year" in that case, the case turned on a different question, and the exact issue involved here was not decided.

The Economy Act became effective June 30, 1932. However, it is silent as to whether a calendar year, fiscal year, employment year, or any other specific year was intended to be used for the purpose of determining if the total pay of a given retired officer exceeded the limitation of the Act. Neither is there any judicial authority directly in point. While the issue is not free from doubt, we are persuaded to believe that in the circumstances the calendar year should be used. Ballantyne's and Black's law dictionaries and Webster's dictionary all agree that the word "year" in a statute ordinarily signifies a calendar year. The word " 'year' within statute ordinarily is presumed to refer to calendar year * * *." 45 Words & Phrases 644. The legal publications cite authorities to this effect. The authorities agree that if some other year is definitely specified, such as a fiscal year or a year beginning on a particular date, the year shall begin as of the time specified and last for 365 days or for such term as may be designated.

It may be noted that individual income taxes are required to be estimated and paid on a calendar year basis. This is true both as to Federal income taxes, as to District of Columbia income taxes, and to income taxes in most of the States. Most people in this country normally regard the year as beginning January 1st.

Consequently, we are constrained to hold that the appropriate period of time intended to be used for the purpose of applying the restriction of the Act is a calendar year. In the absence of any indication to the contrary, this would appear to be the most reasonable resolution of the issue and the one most in harmony with everyday experience and usage.

Since we hold that the calendar year method of calculation should be used, the plaintiff is entitled to recover the sum of $1,553.30.

Plaintiff's motion for summary judgment is granted. Plaintiff is entitled to recover from the United States the sum of one thousand five hundred fifty-three dollars and thirty cents ($1,553.30) and judgment for that amount will be entered.

It is so ordered.

DURFEE, LARAMORE, and WHITAKER, Judges, concur.