JAMES A. GARDNER, AS CHAIRMAN OF INDIANA STATE HIGHWAY COMMISSION *v.* RICK L. TALLEY

[No. 1-577A110. Filed March 2, 1978. Rehearing denied April 4, 1978. Transfer denied June 16, 1978.]

*Theodore L. Sendak*, Attorney General of Indiana, *Darrell K. Diamond*, Assistant Attorney General, for appellant.

*Howard J. De Trude, Jr., Peter G. Tamulonis, Kightlinger, Young, Gray & De Trude*, of Indianapolis, for appellee.

LYBROOK, J. — James A. Gardner, defendant-appellant, appeals from the granting of summary judgment in favor of Rick L. Talley, plaintiff-appellee.

The issues presented for our review are (1) Does the Indiana State Highway Commission-Bipartisan Personnel System[1] create a property right in continued employment with the Highway Commission to such an extent as to require a due process hearing prior to an employee's dismissal and (2) Did the trial court exceed its jurisdiction by granting affirmative relief in favor of Talley.

The facts most relevant to this appeal indicate that Talley was employed as an equipment operator in the Anderson subdistrict of the Greenfield district of the Indiana State Highway Commission. On August 31, 1971, Talley was evidently throwing firecrackers in the garage area where gasoline was stored. When Betty Taylor, a clerk for the subdistrict, reprimanded Talley he apparently attempted to strike her. Talley was subsequently fired and given no hearing on the reasons for his discharge.

## I.

The pivotal issue in this case concerns the interpretation of the Indiana State Highway Commission-Bipartisan Personnel System Act[2] and the existence of any "property right" in continued employment with the Highway Commission.

It is unquestioned that if a property right exists or a liberty interest is involved the State, through the Indiana State Highway Commission, has denied Talley due process of law as required by the Fourteenth Amendment of the United States Constitution. See *Bishop v. Wood* (1976), 426 U.S. 341, 96 S.Ct. 2074.

The trial court held that the Indiana State Highway Commission Bipartisan Personnel Act (Act) created a property interest and that as a matter of law the State had denied Talley due process when he was dismissed without a hearing.

1. IC 1971, 8-13-1.5-1 *et seq.* (Burns Code Ed.).
2. IC 1971, 8-13-1.5-1 *et seq.* (Burns Code Ed.).

Talley bases his argument on two foundations, both of which lend support to his position, and both of which we find not to be controlling.

He first asserts that *Roth v. State* (1902), 158 Ind. 242, 63 N.E. 460, grants the right to a hearing to persons in situations such as his. That case is distinguishable from the case at bar. In *Roth* the court was interpreting a statute which allowed removal of a police officer only for cause. The statute then listed what would constitute cause. In the case at bar the statute does not on its face limit removal to "cause".

The second foundation upon which Talley bases his position is the trilogy of decisions which construed the statute presently in question, namely, *Boehning v. Indiana State Emp. Ass'n., Inc.* (1975), 423 U.S. 6, reversing 511 F.2d 834 (7th Cir. 1975) which reversed 357 F. Supp. 1374. While the Supreme Court reversed the decision of the 7th Circuit Court of Appeals based on the doctrine of abstention, that case's impact is none the less severely limited.

We must therefore begin anew in the interpretation of the Act. Talley was entitled to a hearing if either of two conditions existed, namely, (1) if the statute specifically authorized a hearing, or (2) if the statute created a property interest.[3]

The relevant portions of the pertinent statutes read as follows:

"8-13-1.5-5 [36-163g]. Limitation of number of employees of same political affiliation. — The highway commission shall not have more than sixty per cent [60%] of the employees covered by this chapter [8-13-1.5-1 — 8-13-1.5-8], in each pay classification, and insofar as practicable, as adherents to any one [1] political party. To meet the requirements of this section, the commission is hereby authorized to discharge at least twenty per cent [20%] of all employees employed under the provisions of this chapter at the beginning of each governor's administration. If, in the opinion of the commission, rehiring of discharged employees is in the best interest of the commission, such employees may be reinstated. Employees that are retained or employed under the provisions of this chapter may be dismissed, demoted, suspended

---

3. Since no assertion of a liberty interest has been made we will not address that possibilty.

or laid off because of their political affiliation in order to achieve the political balance required by this chapter. It is the intent of this chapter, however, to emphasize stability of government through continuity of employment and career opportunity. [IC 1971, 8-13-1.5-5, as added by Acts 1971, P.L. 92, § 1, p. 436.]

8-13-1.5-6 [36-163h]. Dismissal of employees for cause. — Any employee may be dismissed, demoted, suspended or laid off for cause. For the purpose of this chapter [8-13-1.5-1 — 8-13-1.5-8] cause shall be any action or inaction of any employee that produces, incurs or results in the substantial diminution of the employee's ability or willingness to perform his duties, impairs the ability or willingness of any other employee of the institution or agency of state government to perform his duties or brings discredit upon the state of Indiana. Cause may include but shall not be limited to the following:

Intoxication on the job; physical or mental inability to perform the job requirements; personality characteristics which substantially limit the employee's or his fellow employee's ability to perform his duties, or which severely handicap the administration of the commission; and, action or inaction which severely limits or prohibits the implementation of administrative policies. [IC 1971, 8-13-1.5-6, as added by Acts 1971, P.L. 92, § 1, p. 436.]"

It is clear from a reading of the above statutes that the legislature has not required a hearing by the terms of its enactment.

The next question which must be answered concerns the legislature's possible creation of a property interest for persons employed under the Act. For Talley's employment to have reached the plateau of a property right there must be more than an abstract need or desire for the employment. *Board of Regents v. Roth* (1972), 408 U.S. 564. That case went on to require a legitimate claim of entitlement before the State action could reach constitutional dimensions. We find from a fair reading of the statutes involved that it cannot be said that the legislature intended to create a property interest in continued employment. In fact, the statute specifically limits an employee's expectation of continued employment to the term of office of the governor of Indiana. This court cannot accept the contention of Talley that a property right exists, except for his removal for political reasons. Had the legislature intended to create a property interest the statute would have to be

much more specific than the Act in question. The specificity demonstrated in other Acts is conspicuously lacking in the Bipartisan Personnel Act and we therefore hold that no property right was created by the Act. See IC 1971, 8-13-1-1 *et seq.*, concerning professional and technical employees of the Indiana State Highway Commission, and IC 1971, 18-1-11-1 *et seq.*, concerning fireman and policemen. Therefore, no hearing on the reason for dismissal was required since Talley was an employee at the will and pleasure of the Highway Department. *Bishop, supra.* The judgment of the trial court is hereby reversed as to Issue I.

## II.

In light of our holding as to Issue I we deem it unnecessary to discuss the propriety of the remedy provided by the trial court.

The judgment of the trial court is hereby reversed and ordered set aside.

Robertson, C.J. and Lowdermilk, J. concur.

NOTE — Reported at 373 N.E.2d 175.