The **INDIANA ALCOHOLIC BEVERAGE COMMISSION et al., Appellants (Defendants Below),**

v.

**Louis J. GAULT, Appellee (Plaintiff Below).**

**No. 2–778A230.**

Court of Appeals of Indiana, Second District.

June 16, 1980.

Rehearing Denied Aug. 19, 1980.

Theo. L. Sendak, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellants.

Richard Kammen, McClure, McClure & Kammen, Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## STATEMENT OF THE CASE

Defendants-appellants, Indiana Alcoholic Beverage Commission, et al., (Commission) appeal the decision of the Clinton Circuit Court reinstating plaintiff-appellee Louis J. Gault (Gault) to the rank of Captain after he had previously been demoted to Officer.

We reverse.

## FACTS

In a trial to the court the following findings of fact, conclusions of law, and judgment were entered:

A. Louis Gault is a member of the Indiana State Excise Police with almost twenty years of service in said Department.

B. Gault was promoted to the rank of Captain in the Indiana State Excise Police and held said rank until 1976.

C. In 1975 the Indiana State Excise Police, the Indiana State Alcoholic Beverage Commission and the Indiana State Police conducted an investigation of the Indiana State Excise Police.

D. As a result of this investigation Gault received a ten (10) day suspension without pay and loss of his merit raise in April of 1975. The order of the Indiana State Alcoholic Beverage Commission suspending Gault in April of 1975, specifically provided that Gault was to retain his present pay grade and step pending successful completion of merit procedures to be implemented at an unknown date in the future.

E. No other punishment was given Gault at that time. In an attempt to avoid public disclosure of this fact Gault was given an officer's badge, however, Gault's pay and his duties remained essentially the same as prior to this punishment.

F. In October of 1975 Gault was indicted by the Marion County Grand Jury. Gault was immediately suspended by the Indiana Alcoholic Beverage Commission pending resolution of the allegations in the indictment. The indictment was dismissed in March of 1976 and Gault was recalled to service by the Indiana Alcoholic Beverage Commission.

G. During the period of Gault's suspension pending resolution of the indictment the Indiana State Alcoholic Beverage Commission and the Indiana State Excise Police attempted to implement what has been referred to as a merit policy. This merit policy has never been fully implemented and as testified to, is nothing more than a "pilot program" which the Alcoholic Beverage Commission and the Indiana State Excise Police feel free to deviate from "for cause".

H. While an Indiana State Excise Police Merit Board has been created and purports to function, the Court finds that in many respects said Merit Board has not complied with nor made any bona fide effort to comply with the requirements of its initial charter including record keeping, attendance of all members of the Merit Board meetings and publication of rules and regulations.

I. Upon his return to service in the Indiana State Excise Police, Gault, without cause, without hearing, in violation of the then existing rules and regulations of the Indiana State Excise Police was demoted to the rank of officer. His pay and duties were reduced to those of an officer. No cause for said demotion has ever been shown. No cause for said demotion was ever demonstrated to exist in March, 1976. Said demotion was not in accordance with any of the then existing merit procedures.

J. In April of 1976 Gault was accorded an opportunity by the Indiana State Excise Police Merit Board for promotion from officer to sergent [sic]. Said opportunity for promotion consisted in part of an appearance before the Indiana State Excise Police Merit Board. A tape of said appearance reveals that even then there was some doubt as to Gault's rank. This tape recording reveals also that the examination was quite prefunctory [sic].

Additionally, the conversation in said Merit Board meeting cast considerable doubt on Gault's suitability for demotion. Every member of the Merit Board during the questioning took time to praise Gault for his past services.

K. In May of 1976, Gault was reindicted by the Marion County Grand Jury. Once again Gault was suspended without pay by the Indiana State Excise Police pending resolution of the allegations contained in the indictment. In December of 1976 Gault was acquitted of said charges when the State of Indiana elected to dismiss said indictment and the charges against Gault after the swearing of a jury.

L. Since March of 1976 Gault has been held at the rank of offficer [sic] and in view of his illegal demotion he has lost certain pension rights.

M. Gault is entitled to reinstatement at the rank of Captain. He is also entitled to reinstatement at the appropriate pay, grade and step and all pension

rights. In view of an agreement entered into between the plaintiff and the defendants no back pay is appropriate. However, the defendant is entitled to all pension rights which would exist had said demotion not occurred.

N. This litigation has transpired for over one and one-half years. During the course of said litigation the plaintiff moved for summary judgment. At the request of the plaintiff a hearing on said Motion for Summary Judgment was held. During the course of said hearing the attorney for the defendants who also was trial counsel, requested summary judgment in favor of his clients. However, not until the trial of this cause, at any time, either in the pleadings or in said hearing, have the defendants asserted the claim that Gault has not pursued his administrative remedies. To the extent that the defendants attempted to present evidence that Gault has not pursued said remedies, they have not sustained their burden of proof.

The Court draws the following conclusions of law:

1. Gault's demotion occurred in March of 1976. There was no cause for said demotion and it was not effected in accordance with the rules and regulations of the Indiana State Excise Police. Further, said demotion was not effected in accordance with the rules and regulations of the purported Indiana State Excise Police Merit Board or the Indiana State Excise Police Merit Police. No cause for said demotion exists nor was any attempt to demonstrate that cause existed made in 1976.

2. Said demotion was illegal and Gault is entitled to reinstatement at the rank of Captain in the Indiana State Excise Police with appropriate pay, grade and step and pension rights.

3. Any claims that Gault did not adequately pursue his administrative remedies have been waived by the defendants.

4. The parties having entered into an agreement with respect to back pay, the Court is not authorized to make an award of back pay. However, Gault is clearly entitled to all pension rights to which he would have been entitled had he not been illegally demoted.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that Louis J. Gault should be reinstated to the rank of Captain within the Indiana State Excise Police. He should be paid at the appropriate rate of pay including grade and pay step commencing December 2, 1977. Gault should be accorded such pension rights by the defendants as he would have been entitled had he not been demoted. The defendants are hereby ordered to take such steps as are necessary to implement the Court's ruling. Stay of this order at the request of the defendants is effected pending determination of appeal decisions.

## ISSUES

Because we reverse we will address only the controlling issue:

Did the Indiana Alcoholic Beverage Commission have the authority to demote Gault without cause and without affording him any other procedural safeguards?

## DECISION

*PARTIES' CONTENTIONS*—The Commission argues that it acted pursuant to statute and regulation in demoting Gault from Captain to Officer and that the trial court erred in ruling otherwise.

Gault responds that the trial court did not err in finding that the procedure used to effect his demotion was improper and that he was entitled to reinstatement as Captain.

*CONCLUSION*—The trial court erred in finding that Gault had been improperly demoted and in ordering his reinstatement as Captain.

The statute governing the authority of the Commission as to Excise Police is Ind. Code 7.1–2–2–12:

The [Indiana Alcoholic Beverage] commission shall have the power to employ, *and remove at will*, all necessary clerks,

stenographers, bookkeepers, auditors, accountants, assistants of any nature, *enforcement officers*, and other employees, *and to fix their duties*, authorities, and, with proper approval, their compensation. (emphasis added).

█ The statute is clear and unambiguous. It is a model of clarity. There is no need for construction. *Ott v. Johnson* (1974), 262 Ind. 548, 319 N.E.2d 622; *Indiana State Highway Commission v. White* (1973), 259 Ind. 690, 291 N.E.2d 550. The Commission can employ "and remove at will" and has complete discretion in fixing the duties of the enforcement officers.

█ It is well established in Indiana that if one's employment is at the will of a government agency, that person has no property interest in employment at a particular rank. *State ex rel. Indiana State Employees' Association, Inc. v. Boehning* (1979), Ind.App., 396 N.E.2d 422; *Morris v. City of Kokomo* (1978), Ind.App., 381 N.E.2d 510; *State ex rel. Warzyniak v. Grenchik* (1978), Ind.App., 379 N.E.2d 997; *Jenkins v. Hatcher* (1975), 163 Ind.App. 95, 322 N.E.2d 117. An employee at will is not entitled to the procedural protections (hearing, determination of cause, etc.) attached to a property interest, *Gansert v. Meeks* (1979), Ind.App., 384 N.E.2d 1140; *Gardner v. Talley* (1978), Ind.App., 373 N.E.2d 175; *Town of Speedway v. Harris* (1976), Ind. App., 346 N.E.2d 646.

█ Because the power to demote an excise police officer is within the discretion of the Commission, there is no requirement to determine cause or provide for a hearing prior to demotion of such a police officer. *Gardner v. Talley, supra* ; *Morris v. City of Kokomo, supra* ; *Jenkins v. Hatcher, supra.*

█ The Commission's authority as provided by statute, however, is subject to any rules and regulations which the Commission may have promulgated. So we must consider if, by regulation, Gault was entitled to a determination of cause or any other procedural safeguard prior to his demotion.

Because much conflicting testimony was presented at trial as to the actual date of Gault's demotion and the regulations in effect at that time, it is difficult to ascertain precisely the regulations governing the Commission at the time of Gault's demotion. We are aided in this determination by three findings of the trial court, all of which are based on sufficient evidence and therefore are binding upon us. Indiana Rules of Procedure, Trial Rule 52(A), Appellate Rule 15(N); *Kruse, Kruse & Miklosko, Inc. v. Beedy* (1976), Ind.App., 353 N.E.2d 514; *American Family Mutual Insurance Co. v. Bentley* (1976), Ind.App., 352 N.E.2d 860.

Finding I (as well as Conclusion of Law 1) established that Gault's demotion occurred in March of 1976. Findings G and H established that at the time of Gault's demotion in 1976 the regulations in effect were those in force since 1970 and not a set of new merit policy regulations which ostensibly had been promulgated in November, 1975 but never fully implemented or consistently followed.

The trial court's finding that the 1970 Indiana Excise State Police, Rules and Regulations (hereinafter the 1970 Rules) and not the 1975 New Indiana State Excise Police Rules and Regulations (hereinafter the 1975 Rules) were in effect at the time of Gault's demotion in 1976 is significant because the two sets of rules provide excise police officers with widely varying rights and remedies.

The 1975 Rules provide for the establishment of a merit commission, and according to Section 10N which governs demotions, dismissals and suspensions:

All other [i. e., for more than 30 days] demotions, dismissals, suspensions and punishments of members of Excise Department shall be by the Board and shall be for cause in accordance with the rules and regulations set forth by the Merit Board. However, if an officer is reprimanded, suspended, demoted, dismissed, or punished either by the Superintendent or the Board, the officer may appeal any such action directly to the Board. The Officer aggrieved must initiate this appeal within 10 days of any such action.

In any action brought by the Merit Board against any police employee, such employee shall receive notice at least ten (10) days prior to such action.

According to this procedure, Gault clearly would be entitled to findings by the Board to determine cause and would have certain other administrative and legal remedies available to him.

However, the trial court found (see Findings G and H, *supra*) in findings based on sufficient evidence, that the 1975 Rules were not in effect at the time of Gault's demotion. Therefore, it necessarily follows that the 1970 Rules must govern Gault's demotion. Of the 1970 Rules, Section 12 governs discipline, demotion and discharge.[1] A careful reading of this section indicates that it is not applicable to demotions of excise police officers effected by the Commission.

The 1970 Rules address solely demotions within the Excise Police Division *by actions of superior officers* over their subordinate employees. The Commission itself, a body composed of the four Commission members, is not included in the scope of these regulations.

Therefore, at the time of Gault's demotion in March, 1976, no regulations governed demotions initiated by the Commission. The evidence presented at trial showed, and the parties agreed that the demotion of Gault was effected by the Commission. Because the Commission is not governed by this regulation, its acts are solely governed by Ind.Code 7.1–2–2–12 which affords the Commission unfettered discretion in employing and removing its employees at will, and in fixing their duties and compensation. *Gansert v. Meeks, supra*; *Morris v. City of Kokomo, supra*; *Jenkins v. Hatcher, supra.*

As neither statute nor regulations provide Gault the right to a determination of cause, a hearing, or any other procedural safeguards prior to his demotion by the Commission, the trial court erred in ordering the Commission to reinstate Gault to the rank of Captain and in conferring upon him all appropriate pension rights.

Reversed.

SULLIVAN and SHIELDS, JJ., concur.

1.  Paragraphs of Section 12 which are pertinent to this decision provide as follows:

    A. All Employees of the Department shall be subject to the supervision and discipline by the Chief,* which may include temporary suspension, demotion or discharge as provided by law.

    * Section 1 of the 1970 Rules defines the Chief as "a Police Employee who has been designated by the Chairman, with the approval of the Commission, to exercise command authority over Police Services and/or Support Services." The Chief is not the Chairman or a member of the Commission.

    .  .  .  .  .

    C. Any Commanding Officer of the Department may initiate written recommendations for disciplinary action against subordinate Employees, beyond constructive consultation with the offender; however, such disciplinary action shall be carried out only with the notice of the District Commander in whose command the offender is permanently assigned.

    .  .  .  .  .

    D. Disciplinary action taken at the direction of an Administrative Board of the Department or by the District Commander for offenses, which are committed beyond a reasonable doubt by a subordinate Employee within their respective command, may constitute any one or a combination of the following actions:
    1. An official letter of reprimand to be placed in the Employee's personnel file.
    2. Suspension without pay not to exceed thirty (30) days.
    3. Transfer.
    4. Demotion.
    5. Dismissal (Discharge).

    .  .  .  .  .

    F. When disciplinary action has been taken against an Employee as a result of preferment of written charges by the Chief, a copy of the charges and the disposition thereof shall:
    1. Be sent to each District Commander.
    2. Be kept in the Officer's file, and be made available to Employees upon request but only for a period of time sufficient to read and initial them.
    3. Not to be released to anyone outside the Department without the approval of the Chief.