Joseph D. JOHNSON, Jesse Kovener, Anna Lee Patrick and Roweta Stubblefield, Plaintiffs-Appellants,

v.

Christopher D. MORITZ as Mayor of the City of Seymour, Indiana, Defendant-Appellee.

No. 1–381A97.

Court of Appeals of Indiana, First District.

Oct. 6, 1981.

John M. Lewis, Seymour, for plaintiffs-appellants.

Ronald K. Lambring, Seymour, for defendant-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Joseph D. Johnson, Jesse Kovener, Anna Lee Patrick, and Roweta Stubblefield appeal from the judgment of the Jackson Circuit Court which affirmed the action of Christopher D. Moritz (Moritz), Mayor of Seymour, removing appellants as commissioners of the Seymour Housing Authority. We reverse.

## STATEMENT OF THE FACTS

The appellants were commissioners of the Seymour Housing Authority. On June 20, 1980, each of the appellants received notice that a hearing would be held on July 2, 1980, in the Mayor's office to determine whether each of them should be removed as a commissioner due to their failure to file an annual report of activities of the Seymour Housing Authority for the preceding year as required by Ind.Code 18–7–11–21. At the July 2nd hearing, the only evidence presented to prove the charges of neglect of duty and inefficiency in office was that as of that date no report of the activities of the Seymour Housing Authority for the preceding year had been filed with the City Clerk-Treasurer. On July 3, 1980, Moritz entered an order that "no report of activities of the Seymour Housing Authority has been filed for the preceding year as required by I.C. 18–7–11–21" and that each appellant should be removed as commission-

er for "neglect of duty and inefficiency of office." Appellants petitioned the Jackson Circuit Court for judicial review of Moritz's action. The trial court affirmed Moritz's action.

## ISSUE

Appellants state that the sole issue for our consideration is "whether the Appellants (Plaintiffs Below), as members of the Seymour Housing Authority, violated the requirements of I.C. 18–7–11–21 by not filing on or before July 2, 1980 'a report of its activities for the preceding year' (1979)."

## DISCUSSION AND DECISION

A mayor may remove from office a commissioner of the housing authority pursuant to Ind.Code 18–7–11–7, which provides:

> "For inefficiency or neglect of duty or misconduct in office, a commissioner of an authority may be removed by the mayor (or in the case of an authority for a town or county, by the governing body of said town or county), but a commissioner shall be removed only after he shall have been given a copy of the charges at least ten [10] days prior to the hearing thereon and had an opportunity to be heard in person or by counsel. In the event of the removal of any commissioner, a record of the proceedings, together with the charges and findings thereon, shall be filed in the office of the clerk."

The appellants in the present case were removed from office by Moritz for neglect of duty and inefficiency since Moritz found they had failed to file a report as of July 2, 1980, of the authority's activities of the preceding year as required by Ind.Code 18–7–11–21.

Indiana Code 18–7–11–21 provides:

> "At least once a· year, an authority shall file with the clerk a report of its activities for the preceding year, and shall make recommendations with reference to such additional legislation or other action as it deems necessary in order to carry out the purposes of this act. A copy of this report shall be available to

inspection by the public at the office of the authority."

Appellants contend the action on the part of Moritz in removing them from office is arbitrary and capricious in that under their interpretation of IC 18–7–11–21, they have one full calendar year in which to file their report. Since that period of time had not elapsed as of July 2, 1980, they contend they were not guilty of neglect of duty or inefficiency in office. Moritz contends that under IC 18–7–11–21, the authority must file the report within a reasonable time.

Before discussing the merits of the case, we must determine our standard of review of the administrative action. We note that the provisions of the Administrative Adjudication Act, Ind.Code 4–22–1–1 to 30, do not apply since this case does not involve a state agency. *See* Ind.Code 4–22–1–2, –14. Notwithstanding the lack of the application of the Administrative Adjudication Act or any other statutory remedy, a litigant in this state is entitled to judicial review of administrative action. *Dortch v. Lugar,* (1971) 255 Ind. 545, 266 N.E.2d 25; *Mann v. City of Terre Haute,* (1960) 240 Ind. 245, 163 N.E.2d 577; *Coleman v. City of Gary,* (1942) 220 Ind. 446, 44 N.E.2d 101. However, when reviewing the administrative action, we will not substitute our opinion for that of the administrative body. *Mann v. City of Terre Haute, supra.* Instead, we will examine the order or judgment of the administrative body to determine whether or not it is arbitrary, capricious, fraudulent, and illegal. *Coleman v. City of Gary, supra.* Arbitrary and capricious action is wilful and unreasonable action, without consideration and in disregard of the facts and circumstances of the case. *Indiana Civil Rights Commission v. Sutherland Lumber,* (1979) Ind.App., 394 N.E.2d 949, *trans. denied.*

We turn now to the issue of whether the failure of appellants to file a report of their activities by July 2, 1980, constitutes a violation of IC 18–7–11–21 and thus is a neglect of their duty and inefficiency in office. Indiana Code 18–7–11–21 requires a

report to be filed at least once a year. Moritz argues that this statute does not say the commissioners have a whole year in which to file their report, but rather he interprets the statute to require the report to be filed in a reasonable time.

■ We recognize that the interpretation of a statute by an administrative agency is entitled to great weight. However, that interpretation is not binding upon this court when it is incorrect or if the legislative will is obvious. *Indiana Civil Rights Commission v. Sutherland Lumber, supra.* "The cardinal rule in construing a statute is to ascertain and effectuate the legislative intent. *Abrams v. Legbandt* (1974), 160 Ind.App. 379, 312 N.E.2d 113." *Id.* at 954. To guide us in our interpretation of statutes, our legislature has provided in Ind. Code 1–1–4–1 for some rules of statutory construction. Under IC 1–1–4–1(5), the word year used in a statute is to be construed to mean calendar year unless otherwise provided. *Accord, Gammons v. Domestic Loans of Winston-Salem, Inc.,* (M.D. N.C.1976) 423 F.Supp. 819; *Dellinger v. United States,* (Ct.Cl.1962) 302 F.2d 515; *Sims v. City of Bremerton,* (1937) 190 Wash. 62, 66 P.2d 863. Thus, contrary to Moritz's assertion, the legislature in using the language "at least once a year" in IC 18–7–11–21 meant at least once in a calendar year. If the legislature had meant for the report to be filed by the housing authority within a certain time after the beginning of the calendar year, it could have so provided. *See, e. g.,* Ind.Code 13–3–3–44(6). Furthermore, we find nothing in the statute which manifests an intention that year as used in IC 18–7–11–21 should mean anything other than calendar year. Therefore, we hold that the language "at least once a year" contained in IC 18–7–11–21 means at least once in a calendar year. Since the calendar year had not expired when appellants were removed as commissioners, they were not in violation of IC 18–7–11–21 at the time of their removal. Further, since the only charge of neglect of duty or inefficiency in office was the failure to file the report, the record does not support a finding of such neglect or inefficiency. Thus, we find Moritz's action in removing the appellants to be arbitrary and capricious.

Judgment reversed.

NEAL, P. J., and YOUNG, J. (by designation), concur.