James L. **WELLS, Sheriff of Marion County, Indiana; John R. Weliever, President of Marion County Sheriff's Merit Board; and Marvin E. Ferguson, Gene E. Sease, and Fred W. Morley, Members of the Marion County Sheriff's Merit Board, Appellants (Defendants Below),**

v.

**Bernard J. AUBERRY, Appellee (Plaintiff Below).**

**No. 1-884A198.**

Court of Appeals of Indiana, First District.

April 15, 1985.

Rehearing Denied May 23, 1985.

870

Richard S. Ewing, Stewart, Irwin, Gilliom, Fuller & Meyer, Robert M. Kelso, City-County Legal Div., Indianapolis, for appellants.

A. David Stippler, Indianapolis, for appellee.

ROBERTSON, Judge.

We are asked to review the trial court's decision to reinstate plaintiff-appellee Bernard J. Auberry to the rank of Major with the Marion County Sheriff's Department, together with lost pay totalling twenty-two thousand two hundred thirty-eight dollars and sixty-two cents plus interest ($22,-238.62). The defendants-appellants are James L. Wells, Sheriff of Marion County, John R. Weliever, President of the Marion County Sheriff's Merit Board, Marvin E. Ferguson, Gene E. Sease, and Fred W. Morley, members of the Marion County Sheriff's Merit Board.

In particular, we are asked to decide the following:

1. Whether the trial court erred in holding that Auberry, a non-merit at-will em-

ployee of the Marion County Sheriff's Department had, as of June 13, 1980, a property right to continued employment as a deputy sheriff with the rank of Major.

2. Whether (assuming that certain Sheriff's Department regulations, 1977 Regulations, created such a property right in Auberry by making the county policemen's statutory demotion procedure applicable to non-merit deputies) the trial court erred in holding that Auberry's damages continued past September 1, 1981, when the 1977 Regulations were superseded, notwithstanding that the Sheriff had the power to change or repeal the 1977 Regulations at any time and that Auberry had no property rights in his employment status except as the trial court found to have been created by the 1977 Regulations.

We affirm.

Facts favorable to the judgment show that Auberry was hired as a non-merit civil deputy on March 13, 1975, by then Sheriff Lawrence F. Broderick. On January 16, 1976, Sheriff Broderick promoted Auberry to Lieutenant and assigned him to the Eagle Creek Section, Civil Division of the Marion County Sheriff's Department. On May 22, 1976, Auberry was promoted to Captain and finally on January 1, 1977, Auberry was promoted to Major. However, on June 13, 1980, Broderick's successor, Sheriff Wells, demoted Auberry to Sergeant in the Executive Division. No written charges were ever compiled nor was a public hearing held with respect to those charges. Since that date, Auberry has worked as Sergeant with the Marion County Sheriff's Department. On the date of demotion, June 13, 1980, there existed a set of Rules and Regulations for the Marion County Sheriff's Department, revised edition, dated November 14, 1977. On September 1, 1981, pursuant to IND.CODE 36-8-10-10.5, new rules and regulations were promulgated by the Marion County Sheriff's Department for non-merit employees including special deputies.

Some eleven months subsequent to Auberry's promotion to Major, specifically November 14, 1977, then Sheriff Gilman and the Marion County Sheriff's Merit Board, adopted Rules and Regulations for the operation of the Marion County Sheriff's Department, whose prefatory language proclaimed:

Pursuant to the statute found at IND. CODE 17–3–5–4, authorizing the appointment of the Sheriff's Deputies and providing that the appointing Sheriff shall be responsible for their acts, and to the statutes found at IND.CODE 17–3–14–1 *et seq.*, providing for the direction of the activities of a county police force by the County Sheriff and authorizing the creation of a Sheriff's Merit Board and granting to such Merit Board powers relating to administration and discipline of a county police force, the Sheriff of Marion County and the Marion County Sheriff's Merit Board jointly and unanimously hereby approve and adopt these Rules and Regulations for the organization and government of the Marion County Sheriff's Department, effective on the date set forth below, superseding all previously issued Rules and Regulations and Special Orders.

The General Provisions of the Rules and Regulations provided for changes by issuance of Special Orders of the Sheriff and defined "police employee" to mean any employee duly sworn in and entrusted with full Marion County Police authority.

Especially important to this appeal is Section 501, "Violation of Rules and Regulations," *to-wit*:

Each member of the Marion County Sheriff's Department shall be subject to suspension, reduction in rank or dismissal from the Sheriff's Department according to the nature of the offense for violation of Rules and Regulations appearing in this Manual. The Sheriff shall have authority to prescribe penalties as provided by: Indiana Code I.C. 17–3–14–7.

"Member" is not defined, however, the evidence indicates Auberry performed

these duties of a "police employee". The November 14, 1977, Rules and Regulations adopted by Sheriff Gilman applied to these deputies appointed under IND.CODE 17–3–5–4 (including Auberry) on June 13, 1980. I.C. 17–3–14–7, as referred to in Section 501 provides in part:

See 7(a) The sheriff may discharge, demote, or temporarily suspend any county policeman, for cause, after preferring charges in writing and after a fair public hearing before the board reviewable in the Circuit Court, a notice of which charges and hearing shall be delivered by certified mail to the county policeman to be discharged, demoted, or temporarily suspended. Such county policeman may be represented by counsel. The sheriff may temporarily suspend, without a hearing before the board, any county policeman, after preferring charges of misconduct in writing delivered to such county policeman, for a period not to exceed fifteen (15) days.

Since commencement of the proceedings below on July 7, 1980, the Indiana General Assembly enacted certain legislation, effective September 1, 1981, relative to the recodification revision and rearrangement of local government laws. As part of said legislation, Public Law 11, Section 168, Act 1981, as amended by Public Law 315, Section 8, Acts 1981, added a new section 10.5 to IND.CODE 36–8–10, as added by Public Law 309, Section 61, Acts 1981, which provided in part:

36–8–10–10.5. Special deputy and legal deputy in Marion County (a) This section applies only to a county having a consolidated city.

(b) The sheriff may appoint as a special deputy, any person who is employed by a governmental entity as defined in I.C. 35–41–1–2 or private employer, the nature of which employment necessitates that the person have the powers of a deputy sheriff. During the term of his appointment and while he is fulfilling the specific responsibilities for which the appointment is made, a special deputy has the power, privileges and duties of a regular deputy under this chapter, sub-ject to any written limitations and specific requirements imposed by the sheriff and signed by the special deputy. A special deputy is subject to the direction of the sheriff and shall obey the rules and orders of the department. A special deputy may be removed by the sheriff at any time, without notice and without assigning any cause.

This statute, I.C. 36–8–10–10.5 was subsequently amended to apply to all counties and recodified to IND.CODE 36–8–10–10.6 by Public Law 311, Section 49, Acts 1983.

Further, as the trial court found, the legislature made its intent clear in its savings provision with respect to the new special deputy legislation, I.C. 36–8–10–10.5, as well as to the recodification of other local governmental statutes. The compiler's notes to I.C. § 36–8–10–10.5 explains:

Section 170 of Acts 1981, Public Law 11 provides:

(a) This act is intended to be a codification and restatement of applicable or corresponding provisions of the laws repealed by this act. If this act repeals and replaces a law in the same form or in a restated form, the substantive operation and effect of that law continues uninterrupted.

(b) This act does not affect any:

(1) rights or liabilities accrued;

(2) penalties incurred;

(3) crimes committed; or

(4) proceedings begun, before the effective date of this act. Those rights, liabilities, penalties, crimes, and proceedings, continue and shall be imposed and enforced under prior laws as if this act had not been enacted.

The trial court determined that the legislature's clear intent was that the special deputy legislation was not to have any retroactive effect and/or implementation of its provisions; that Section 501 of the Rules and Regulations guarantee Auberry certain procedural safeguards prior to demotion and that these guaranteed rights accrued prior to the effective date of the subsequent legislation cited above; and

that as a result of the foregoing provisions of the 1981 legislation, any rules or regulations promulgated by the appellants for non-merit employees, including special deputies, on or after September 1, 1981, as a result of the legislation cannot affect accrued rights of Auberry and the proceedings begun by Auberry to enforce said rights prior to the effective date of the legislation.

Our responsibility in appellate review is not to consider the credibility of the witnesses or to reweigh the evidence. Rather we focus upon the evidence most favorable to the judgment, together with all reasonable inferences and only if in that light, the evidence is without conflict leading to but one conclusion, other than that reached, shall we find the trial court's decision contrary to law. *Litzelswope v. Mitchell,* (1983) Ind.App. 451 N.E.2d 366. When viewed in this light, substantial, competent evidence supports the conclusion that although Auberry was initially hired as a patronage employee pursuant to I.C. 17–3–5–4 and thus at the will of Sheriff Broderick, this was changed when Sheriff Gilman by written proclamation applied Rules and Regulations of the department to such non-merit employees. Auberry thus acquired a vested right to the due process procedures afforded by the Rules and Regulations.

Although the law in Indiana is quite clear that if one's employment is at the will of a government agency, that person has no property interest in employment at a particular rank; Indiana also recognizes that the governmental agency's statutory authority or its rules and regulations may afford those certain procedural safeguards, namely a hearing and determination of cause, prior to demotion, and thus create vested rights. *Indiana Alcoholic Beverage Commission v. Gault,* (1980) Ind.App., 405 N.E.2d 585.

The Rules and Regulations, in effect at the time of Auberry's demotion apply to each member of the Marion County Sheriff's Department. "Member" is not defined therein, however the evidence supports the finding that Auberry was a "police employee" as defined in Section 107 of the Rules and Regulations.

Sheriff Wells testified that his first order in 1979 as Sheriff was that all rules, regulations and special orders in effect would remain in effect. He further acknowledged that the 1977 Rules and Regulations applied to all members of the department. Section 102 of the Rules and Regulations indicate that if the Sheriff desires to make operational and procedural changes in the Rules and Regulations, he may do so by the issuance of "special orders". No evidence indicates that such special orders were ever issued to differentiate applicability of various chapters of the Rules and Regulations to non-merit employees until Sheriff Wells promulgated Rules and Regulations pertaining to non-merit police employees effective September 1, 1981. At that time, separate rules and regulations were adopted to the two classifications, "merit" and "non-merit" employees.

Therefore, as a member of the Marion County Sheriff's Department and a police employee of the department, Auberry's demotion was governed specifically by the terms and provisions of Section 501 of the Rules and Regulations, and to the extent made applicable, the provisions of I.C. 17–3–14–7. Accordingly, Auberry could not be demoted until after charges were preferred in writing by the Sheriff and a fair public hearing was held before the Marion County Sheriff's Merit Board. With the adoption of the Rules and Regulations and the application to deputies appointed under I.C. 17–3–5–4, Auberry acquired a vested right to the due process procedures afforded by Chapter 5 of those Rules and Regulations prior to any demotion or reduction in rank.

We, therefore, join the trial court in its conclusions Auberry had a protected property right to continued employment at the rank of Major, the deprivation of which was contrary to the departmental Rules and Regulations and I.C. 17–3–14–7, violated Auberry's constitutional rights pursuant to Article 1, Sections 12 and 23 of the

Indiana Constitution and the due process and equal protection clauses of the 14th Amendment of the U.S. Constitution.

In addition to the constitutional deprivations, the trial court determined that Auberry suffered losses of salary since the date of his demotion on June 13, 1980, through April 12, 1984, in the amount of twenty-one thousand nine hundred seven and 18/100 dollars ($21,907.18) plus lost pay for April 12, 1984, in the sum of three hundred thirty-one and 44/100 ($331.44) plus interest from the date of judgment until fully satisfied.

Having decided that Auberry had a protected property interest in continued employment at the rank of Major, we need only address that portion of the appellant's second point which contends that Auberry's amount of recovery should be reduced to five thousand seven hundred seventy-five 79/100 dollars ($5,775.79), said sum representing lost pay from June 13, 1980, through September 1, 1981. The legislative intent is clear that the special deputy legislation was to have absolutely no retroactive effect. A statute should be given a prospective rather than a retroactive effect in the absence of an apparent intent of the legislature to give retroactive effect to the statute. *State ex. rel. Uzelac v. Lake Criminal Court,* (1965) 247 Ind. 87, 212 N.E.2d 21.

The trial court correctly determined that Auberry's guaranteed rights under Section 501 of the Rules and Regulations occurred prior to the legislation's effective date. Accordingly, any rules or regulations promulgated for non-merit employees, including special deputies, on or after September 1, 1981, cannot affect the accrued rights of Auberry. In enacting the 1981 Legislation, the legislature specifically provided that such statutory enactments did not affect any rights or liabilities accrued; penalties incurred, crimes committed, or proceedings begun before the effective date of the act. The 1981 statutes further provide that any such rights, liabilities, penalties, crimes and proceedings begun shall continue and shall be ·imposed under prior law as if the 1981 Act had not been enacted.

We therefore, find no error in the award of damages and conclude as did the trial court, that Auberry is entitled to reinstatement to the rank of Major, along with all wages lost as a result of his demotion since June 13, 1980, to the date of judgment.

Judgment affirmed.

RATLIFF, P.J., and NEAL, J., concur.