INDIANA DEPARTMENT OF HIGH-
WAYS, Respondent-Appellant,

v.

Kenneth E. DIXON, Petitioner-Appellee.

No. 82A01–8611–CV–294.

Court of Appeals of Indiana,
First District.

July 15, 1987.

Publication Ordered Sept. 17, 1987.

Linley E. Pearson, Atty. Gen., David R. Treeter, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for respondent-appellant.

Thomas G. Krochta, Vanstone & Krochta, Evansville, for petitioner-appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

The Indiana Dept. of Highways appeals the Vanderburgh Superior Court's order reinstating Kenneth Dixon as a DOH employee. We reverse.[1]

## FACTS

Kenneth Dixon was an employee for the Indiana Dept. of Highways (DOH), classified as a "Maintenance IV Worker". On September 25, 1984, he was dismissed by the DOH for violating a work rule which proscribed abuse of a supervisor. While off duty, Dixon allegedly told a former summer worker, Mark Hardiman, that the DOH had a job opening in the Princeton Unit. However, Dixon allegedly said that, based upon conversation he heard among DOH supervisors, Hardiman would not get the job because Hardiman had filed a racial discrimination suit against the DOH with the NAACP.

After dismissal, Dixon filed an employee complaint. He was denied relief at the initial stage of the grievance procedure and all subsequent stages. In a letter dated February 22, 1985, the director of the DOH notified Dixon that the dismissal would not be changed.

On April 2, 1985, Dixon filed a petition for judicial review in the Vanderburgh Superior Court. After a hearing, the trial court held that the DOH decision to dismiss Dixon was not supported by substantial evidence. Specifically, the trial court held that Dixon was discharged "as a result of

---

1. Because of our disposition of this case, we need not consider the propriety of a wrongful discharge suit against the DOH for Dixon's exercise of constitutional or statutorily conferred rights. *Frampton v. Central Indiana Gas Co.* (1973), 260 Ind. 249, 297 N.E.2d 425; *Pepsi-Cola* *General Bottlers, Inc. v. Woods* (1982), Ind.App., 440 N.E.2d 696. *But see Morgan Drive Away, Inc. v. Brant* (1986), Ind., 489 N.E.2d 933 (appears to limit actions for retaliatory discharge to cases where the plaintiff was fired for seeking worker's compensation as in *Frampton* ).

statements he made while off duty and on matters of public concern which statements were protected by the first amendment." Record at 208. The trial court ordered Dixon's reinstatement and remanded to the DOH for a hearing on back wages. The DOH subsequently perfected this appeal.

## ISSUE

Although the DOH presented four issues for review, the following issue is dispositive:

Whether Dixon was an "at will" employee, thus precluding his right to judicial review under the AAA.

## DISCUSSION AND DECISION

Dixon was an "at will" employee. Indiana Code section 8–9.5–4–4(g)(1) provides, "All employees of the [DOH] are subject to demotion, discipline, dismissal, or transfer *at the discretion of the director.*" (Emphasis added). Thus, Dixon was employed at the director's pleasure.

The DOH regulations provide an employee complaint procedure. 120 Ind.Admin. Code 1–3–1 through 7. However, this procedure is only for professional and technical employees. 120 I.A.C. 1–3–1(a); 120 I.A.C. 1–3–4(a). The regulations specify those positions which are considered professional or technical. 120 I.A.C. 1–3–7. Dixon's status as a "Maintenance Worker IV" is absent from that list. Thus, Dixon was ineligible to utilize the employee complaint procedure. Furthermore, the regulations provide that, after exhausting this procedure, professional and technical DOH employees may file a petition for judicial review pursuant to Indiana Code section 4–22–1–14 which is part of Indiana's Administrative Adjudication Act. By the regulation's omission, employees who are not professional or technical do not have a right to seek judicial review after dismissal. Therefore, the trial court erred by not dismissing Dixon's suit for lack of subject matter jurisdiction.[2]

Reversed.

ROBERTSON and YOUNG, JJ., concur.

---

**2.** In Indiana, there is authority for the proposition that judicial review of agency action must be made pursuant to the second half of the AAA, I.C. §§ 4–22–1–14 through 19, although the action was not an "administrative adjudication" as defined by I.C. § 4–22–1–2. *See May v. Blinzinger* (1984), Ind.App., 460 N.E.2d 546, *trans. de-nied; Warram v. Stanton* (1981), Ind.App., 415 N.E.2d 114; *Zehner v. Indiana State Alcoholic Beverage Comm'n* (1977), 173 Ind.App. 600, 364 N.E.2d 1037. Our decision today does not conflict with these cases. Dixon's dismissal is not a reviewable agency action. The AAA's judicial review provisions therefore are inapplicable.