INDIANA DEPARTMENT OF HIGH-
WAYS and John P. Isenbarger, in his
capacity as Director of the Indiana De-
partment of Highways, Respondents–
Appellants,

v.

Michael PIGG, Petitioner–Appellee.

No. 32A01–8808–CV–243.

Court of Appeals of Indiana,
First District.

Jan. 30, 1989.

Linley E. Pearson, Atty. Gen., Paul K.
Ogden, Deputy Atty. Gen., Indianapolis,
for respondents-appellants.

David J. Magley, John H. Haskin & Asso-
ciates, Indianapolis, for petitioner-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Respondent-appellants, the Indiana De-
partment of Highways and John P. Isen-
barger (the Department), appeal the order
of the Hendricks Circuit Court returning
this case to the Department for further
hearing.

We reverse.

### STATEMENT OF THE FACTS

Petitioner-appellee, Michael J. Pigg
(Pigg), was an employee for the Depart-
ment. Pigg's job classification was that of
Highway Maintenance Supervisor when he
was demoted on May 5, 1985, to the job
classification of Highway Maintenance
Worker III. He served in that position
until his dismissal on December 13, 1985.

Pigg filed administrative complaints af-
ter both his demotion and dismissal. Pur-
suant to each complaint, Pigg was granted
a hearing according to the grievance proce-
dure established by the Department's em-
ployee handbook. Pigg was denied relief
after each hearing. Subsequent to each
denial of relief, Pigg filed a verified peti-
tion for judicial review in the Marion Supe-
rior Court. The two cases were later ven-
ued to the Hendricks Circuit Court where
the demotion case was consolidated with
the dismissal case.

In his petitions for judicial review, Pigg
claimed the Department's hearings, upon
his demotion and subsequent dismissal, cir-
cumvented the procedures set forth in its
employee handbook. The Department
moved for summary judgment, challenging
Pigg's right to seek judicial review. After
a hearing on the Department's motion, the
trial court issued the following order:

Arguments and positions set out by
the attorneys in this case, the court finds
that where an administrative agency pro-
vides a specified appeal procedure grant-
ing procedural due process rights to an
at-will employee in excess of the rights

set out by Indiana Statute then the administrative agency must follow the procedural rights so granted. Considering this, the Court orders this cause returned to the respondent administrative agency for further hearing not inconsistent with this opinion.

*Record* at 166. The Department subsequently perfected this appeal.

## ISSUE

While the Department presents three issues for review, the following issue is dispositive:

Whether the trial court has jurisdiction to review the Department's compliance with procedural due process safeguards set forth in its employee handbook.

## DISCUSSION AND DECISION

The Department contends the trial court erred in granting judicial review of the administrative hearings held upon Pigg's demotion and subsequent dismissal. The Department asserts that the trial court lacked jurisdiction to review the hearings in that Pigg was at at-will employee. Therefore, the Department argues the trial court's order remanding the case to the Department for further hearing was reversible error. We agree.

■ We note that Pigg was an at-will employee and thus subject to demotion or dismissal at the Department director's discretion. *Indiana Department of Highways v. Dixon* (1987), Ind.App., 512 N.E.2d 1113; IND.CODE 8-9.5-4-4(g)(1). Furthermore, the Department's regulations set forth under the Indiana Administrative Code providing for an employee complaint procedure subject to judicial review are not applicable because Pigg's job status is not among the listed positions covered by those regulations. 120 IAC 1-3-1 to -7.

■ Pigg claims that rules and regulations providing for a grievance procedure, set forth in the Department's employee handbook, provided him procedural due process safeguards in excess of those statutorily mandated. Consequently, Pigg argues he has a right to insure those procedural safeguards through judicial review, pursuant to IND.CODE 4-22-1-14 of the Administrative Adjudication Act. Pigg cites *Wells v. Auberry* (1985), Ind.App., 476 N.E.2d 869 and *Indiana Alcoholic Beverage Commission v. Gault* (1980), Ind.App., 405 N.E.2d 585 in support of his contention.

Citing *Gault* the court in *Wells* stated in part:

Although the law in Indiana is quite clear that if one's employment is at the will of a government agency, that person has no property interest in employment at a particular rank; Indiana also recognizes that the governmental agency's statutory authority or its rules and regulations may afford those certain procedural safeguards, namely a hearing and determination of cause, prior to demotion, and thus create vested rights. (Citation omitted.)

476 N.E.2d at 873. Further, the Administrative Adjudication Act affords judicial review of "hearings on discharge or dismissal of an officer where the law authorizes such hearing." IND.CODE 4-22-1-2. However, in *Gault* the court stated that the government agency's authority as provided by statute is subject to any rules and regulations which the government agency "may have promulgated." 405 N.E.2d at 589. Moreover, a rule making action which does not conform to the requirements set forth in IND.CODE 4-22-2-13 to -44 does not have the effect of law. IND.CODE 4-22-2-44. In the present case, however, there is no indication in the record that the Department's employee handbook grievance procedure set forth duly promulgated rules and regulations.

*Dixon, supra,* controls this case. Dixon was a highway department maintenance worker IV, and was entitled to the grievance procedure set forth in the Department's employee handbook. He unsuccessfully pursued that procedure, and thereafter sought judicial review. Nevertheless, this court held that Dixon's at-will status, plus his job position's exclusion from the listed positions under 120 IAC 1-3-1 to -7, precluded him from seeking judicial review of his dismissal. Consequently, in the

present case Pigg was not entitled to seek judicial review of his dismissal. The trial court erred by not granting the Department's motion for summary judgment.

For the above reasons, this cause is reversed and remanded with orders to the trial court to enter summary judgment in favor of the Department.

JUDGMENT REVERSED.

RATLIFF, C.J., concurs:

SULLIVAN, J., dissents with opinion.

SULLIVAN, Judge, dissenting.

During the pleading stage of the proceedings before the Hendricks Circuit Court, the Department admitted:

"That following the defendant's failure to rescind the discipline imposed at Step I and Step II of the complaint processing procedure established in the Indiana Department of Highway's 'Employees Handbook', a Step III hearing was held in front of the defendant's Complaint Board on or about March 3, 1986." Record at 72.

Immediately prior to the March 3, 1986 hearing, the Board denied a continuance sought by Pigg. Pigg had asserted that a witness, his foreman, was unavailable. The evidentiary hearing was conducted on March 3. A Board decision was not forthcoming upon that evidence, however. Rather, the Board unilaterally decided, and on March 17, advised Pigg, that the hearing was to be reopened to hear testimony of an additional witness or witnesses whom Pigg could cross-examine. The hearing was in fact resumed on June 11 and the decision adverse to Pigg was communicated thereafter.

The multi-step complaint procedure utilized in this case is authorized by Department Rules and Regulations. 120 IAC 1–3–1 et seq., which in turn was authorized by I.C. 8–9.5–4–8 (West 1982). Whether the job description held by Pigg was within a professional/technical category so as to compel the complaint procedures followed is, in my view, not determinative. *But see Indiana Department of Highways v. Dixon* (1987) 1st Dist.Ind.App., 512 N.E.2d

1113, *trans. pending.* The fact remains that the Department accorded Pigg some of the protective procedures provided by the Rules and Regulations. The Department did so, quite obviously because the Employees Handbook provides all employees with a multi-step complaint procedure. Although the complaint procedure for Professional–Technical employees differs from that promised to other employees, such as Pigg, the fact remains that protective procedures are afforded and according to the Handbook, are to be "fairly, consistently and evenhandedly" administered.

Whether or not, the ultimate decision of the administrative agency is subject to judicial review upon the merits of the ultimate decision is one thing. Whether an employee is entitled to insist that the agency comply with a prior grant of protective procedures in the adjudicative process is quite another.

The Department specifically admits that the Employee Handbook extends to all at-will employees the protections afforded by 120 IAC 1–3–1 et seq., *supra.* In this regard, I am therefore unpersuaded by the Department's attempt to avoid the complaint procedure protections by cavalierly stating that the Handbook guarantees were "never meant to carry the force of law." Appellant's Brief at 5.

It has been held that an employee at will may by circumstances and by representations of the employer have a reasonable and justified expectation of employment protections such as here involved. *Wells v. Auberry* (1985) 1st Dist.Ind.App., 476 N.E. 2d 869, *trans. denied.* Such is the case before us. The procedures which Pigg claims were denied were conferred by unilateral act of the employer. The Department should be bound by the procedures which it has created and to which employees have a "legitimate claim of entitlement." *See Town of Speedway v. Harris* (1976) 2d Dist., 169 Ind.App. 100, 346 N.E. 2d 646, *trans. denied.*

In the court below, the Summary Judgment Motion filed by the Department was denied. The Motion was premised upon the

Department's contention that Pigg was not entitled to judicial review. In denying the Motion for Summary Judgment, the Hendricks Circuit Court did not necessarily determine that the decision of the Department was subject to judicial review. It remanded to the Department for further hearing with the mandate to follow unspecified procedures afforded by the employer. This relief comported with the prayer of the Petition for Judicial Review, i.e., for a new hearing. It may well have been that the court denied the Motion for Summary Judgment because such ruling was the only way in which the court could proceed to order the Department to honor its commitment to administer the complaint procedures fairly and consistently.

The court below did not review and pass upon the validity of the Department's decision to discharge Pigg. It merely remanded to the Department with instructions for such further hearing as would comport with the complaint procedures granted. I find no fault with this decision.

I would additionally state my parenthetic view that the "administrative adjudication" rendered in this case (I.C. 4–22–2–3 (Burns Code Ed.Repl.1986))[1] was subject to judicial review without regard to specific statutory or rule provision. *State ex rel. State Board of Tax Commissioners v. Marion Superior Court* (1979) 271 Ind. 374, 392 N.E.2d 1161; *Salk v. Weinraub* (1979) 271 Ind. 115, 390 N.E.2d 995; *St. Joseph Medical Building Associates v. City of Fort Wayne* (1982) 3d Dist.Ind.App., 434 N.E.2d 130; *Johnson v. Moritz* (1981) 1st Dist.Ind. App., 426 N.E.2d 448.

The decision of the Hendricks Circuit Court should be affirmed.

---

**1.** Pigg was without question a "person" to whom the adjudication made by the administrative agency here was applicable. Whether he was technically entitled to the procedures which led to the adjudication does not detract from the fact that the determination was of an issue applicable to Pigg. Although the adjudication concerned the discharge of Pigg as an employee, the law authorized the complaint hearing procedures. The determination was, therefore, within the statutory definition of "administrative adjudication."