INDIANA DEPARTMENT OF HIGH-WAYS and John P. Isenbarger, in his capacity as Director of the Indiana Department of Highways, Appellants,

v.

Michael PIGG, Appellee.

No. 32S01-9111-CV-884.

Supreme Court of Indiana.

Nov. 7, 1991.

Linley E. Pearson, Indiana Atty. Gen. and Paul K. Ogden, Deputy Atty. Gen., Indianapolis, for appellants.

David J. Magley, John H. Haskin & Associates, Indianapolis, for appellee.

PETITION TO TRANSFER

DeBRULER, Justice.

This cause comes to us on a petition to transfer from the First District Court of Appeals. The issue presented is whether appellee, Michael J. Pigg, is entitled to obtain judicial review of the Indiana Department of Highways' decisions to demote and dismiss him. The trial court below issued its order in this cause returning this case to the Department for further hearing not inconsistent with the trial court's opinion. A divided Court of Appeals reversed, stating that appellee was not entitled to seek judicial review of his dismissal and that the trial court should have granted the Department's motion for summary judgment in this cause. *Indiana Dept. of Highways v. Pigg* (1989), Ind.App., 533 N.E.2d 184 (Sullivan, J., dissenting). For the reasons set forth below, we now grant transfer and affirm the trial court.

Appellee Michael Pigg was an at will employee of the Indiana Department of Highways from June 16, 1978, until his dismissal on December 13, 1985. From November 21, 1982, to May 4, 1985, Pigg's job classification was that of Highway Maintenance Supervisor. On May 5, 1985, Pigg suffered a demotion and from that point on until his dismissal, he held the position of Highway Maintenance Worker III.

Pigg filed administrative complaints with the Department after both his demotion and his dismissal. Pursuant to the provisions of the Department's Employee Handbook, hearings were held and Pigg's demotion and dismissal were upheld. Subse-

quent to each denial of relief, Pigg filed a verified petition for judicial review. Pigg filed his first verified petition for review on August 30, 1985, and his second petition for review was filed on August 11, 1986. Pursuant to Pigg's motion to consolidate cases made on February 9, 1987, his demotion case was consolidated with the dismissal case.

In his petitions for judicial review, Pigg contended that the Department did not honor the procedural safeguards set out in the Department's employee handbook and consequently he was deprived of this entitlement to which he had a reasonable and justified expectation. The Department sought summary judgment on this matter arguing that because Pigg was an at will employee of the Department the agency's determination should stand as Pigg had no right to judicial review.

After a hearing on the Department's motion, the trial court issued the following order:

> Arguments and positions set out by the attorneys in this case, the court finds that where an administrative agency provides a specified appeal procedure granting procedural due process rights to an at-will employee in excess of the rights set out by Indiana Statute then the administrative agency must follow the procedural rights so granted.

The trial court then ordered this cause returned to the respondent administrative agency for further hearing not inconsistent with this opinion. The Court of Appeals, relying on its ruling in *Indiana Dept. of Highways v. Dixon* (1987), Ind.App., 512 N.E.2d 1113, ruled that the trial court committed reversible error in not granting the Department's motion for summary judgment and ordered the cause reversed and remanded with orders to the trial court to enter summary judgment in favor of the Department.

The Department maintains that in order for Pigg, an at will employee of the Department, to be entitled to judicial review he must be able to invoke the Indiana Administrative Adjudication Act (AAA). According to the Department, Pigg cannot rely upon the AAA because the AAA's definition of "administrative adjudication" specifically excludes "the dismissal or discharge of an officer or employee by a superior officer...." I.C. 4–22–1–2.* However, the definition "includ[es] hearings on discharge or dismissal of an officer or employee for cause where the law authorizes or directs such hearing." I.C. 4–22–1–2. The Department contends that the Employee Handbook, relied upon by appellee Pigg as the basis of his procedural due process safeguards, does not constitute a "law authorizing or directing such hearing." According to the Department, the Employee Handbook therefore does not place this dismissal within the definition of an administrative adjudication and thus Pigg is not entitled to judicial review as the AAA does not apply.

The Court of Appeals agreed with the Department and held that its ruling in *Dixon* controlled the outcome of this case. *Dixon*, 512 N.E.2d 1113. However, this Court later reversed the Court of Appeals ruling in *Dixon*. *Indiana Dept. of Highways v. Dixon* (1989), Ind., 541 N.E.2d 877. In *Dixon*, appellee Dixon was discharged from his at will position with the Department of Highways. The Department complaint board upheld Dixon's discharge. Dixon's appeal to the Department's director was denied and thus he filed a petition for judicial review under the AAA. The trial court granted judicial review of Dixon's cause and ordered him reinstated and remanded the cause to the Department for a hearing to determine Dixon's back wages. The Court of Appeals reversed the trial court holding that because Dixon was an at will employee, he was not entitled to judicial review under the AAA. *Dixon*, 512 N.E.2d 1113. This Court affirmed the trial court stating that Dixon did have a right to a hearing and judicial review of the Department's decision.

---

\* The Indiana Administrative Adjudication Act was repealed by Acts 1986, P.L. 18 § 2, effective July 1, 1987, and replaced by I.C. 4–21.5–1–1 et seq. (Burns 1986 Repl.) Because the events in this cause took place before I.C. 4–22–1–1 et seq. was repealed, we will apply it in this instance.

This Court's holding in *Dixon* controls the outcome of this case. *Dixon*, 541 N.E.2d 877. Dixon, like appellee Pigg, was an at will employee with the Department. Both sought judicial review after their dismissals were upheld following hearings by the Department. In *Dixon*, we held that judicial review is not restricted to decisions made after an administrative adjudication. *Dixon*, 541 N.E.2d 877, at 880 (citing I.C. 4–22–1–14). I.C. 4–22–1–14 provided that "[a]ny party or person aggrieved by an order or determination made by any such agency shall be entitled to a judicial review thereof...." Further, this Court has long held that in Indiana there is a constitutional right to review of administrative actions. *Dixon*, 541 N.E.2d 877; *State ex rel. State Bd of Tax Comm'rs v. Marion Super. Ct.* (1979), 271 Ind. 374, 392 N.E.2d 1161; *Warren v. Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N.E.2d 399. Such review is necessary to insure that the agency has acted within the scope of its powers and that its actions comport with every requirement of due process. *Warren*, 217 Ind. at 105, 26 N.E.2d at 404. Therefore, appellee Pigg does have a right to judicial review of the Department's decision.

The Court of Appeals' decision is vacated. The judgment of the trial court is affirmed.

GIVAN, DICKSON and KRAHULIK, JJ., concur.

SHEPARD, C.J., concurs in result.