William MOULTON, Plaintiff–Appellant,

v.

VIGO COUNTY, Defendant–Appellee.

No. 97–3938.

United States Court of Appeals, Seventh Circuit.

Argued May 26, 1998.

Decided Aug. 4, 1998.

Dennis R. Majewski (argued), Terre Haute, IN, for Plaintiff–Appellant.

Donald S. Smith (argued), Bryce H. Bennett, Jr., Riley, Bennett & Egloff, Indianapolis, IN, Robert Wright, Wright, Shagley & Lowery, Terre Haute, IN, for Defendant–Appellee.

Before POSNER, Chief Judge, and BAUER and COFFEY, Circuit Judges.

BAUER, Circuit Judge.

Plaintiff/Appellant William Moulton ("Moulton") was fired from his job at the Vigo County (Indiana) Area Plan Department on August 5, 1992. He then brought suit against Vigo County (the "County") (and several others, who are not parties to this appeal) in the United States District Court for the Southern District of Indiana, alleging, among other things, that his Fourteenth Amendment due process rights had been violated. Moulton's case against the County (the other defendants were voluntarily dismissed by Moulton) went to trial before a jury on October 14, 1997; however, after Moulton had presented his case-in-chief, Magistrate Judge William G. Hussmann, Jr. granted the County's motion for judgment as a matter of law on Moulton's Fourteenth Amendment claim. Subsequently, the jury returned a verdict in favor of the County on Moulton's other claims. Moulton filed a timely notice of appeal, and he presently challenges only the district court's decision to grant the County's motion for judgment as a matter of law. Finding no error by the district court, we affirm.

## BACKGROUND

Moulton was employed by the Vigo County Area Plan Department (the "Department"), a division of the government of Vigo County, beginning in March 1987. The Department is overseen by the Vigo County Area Plan Commission (the "Commission"), which is a board appointed by the Vigo County commissioners. The Department, which in part handles zoning matters in the County, is run by an executive director hired by the Commission. During his tenure at the Department,

Moulton worked under seven different executive directors, his employment ending under the watch of director William Price ("Price"). Prior to Price's tour of duty, which began in February 1992, Moulton had never been disciplined or notified that his work was being performed in an unsatisfactory manner.

Before Price became executive director, Moulton (and two other Department employees, Bernard Frye and James Miller) became personally involved in helping an interracial couple, Franklin and Nellie Christenberry ("the Christenberrys"), obtain a zoning variance for their property. Price also had involvement with the Christenberrys before becoming executive director: as a building inspector for the city of Terre Haute, Price had condemned the Christenberrys' property. Long story short, Price was opposed to the zoning variance after he became executive director, but Moulton and the other employees persisted in helping the Christenberrys in their efforts. The Christenberrys eventually received a zoning variance other than the one they were seeking. In addition, Moulton helped Bernard Frye file a civil rights complaint against the County after Frye's employment was terminated.

While Moulton was assisting Frye and the Christenberrys (and after Price had become executive director), he began to receive written warnings and reprimands from Price about his job performance. The reprimands charged Moulton with everything from stealing traffic-counting devices to failing to communicate with his supervisors. Eventually, in August of 1992, Moulton was terminated from his job at a meeting of the Commission (at which he was not present), and was notified by mail the next day. Moulton was given a post-termination hearing in September of 1992, but apparently never received any decision. In response to these actions, Moulton filed the present suit, charging that his constitutional and civil rights had been violated. On appeal, Moulton only challenges the district court's grant of judgment as a matter of law to the County on his § 1983 claim for a violation of his right to due process before being fired. With this brief background in mind, we turn to Moulton's contentions.

## DISCUSSION

### I. Free Speech Claim

█ First, Moulton asserts that the district court erred by not submitting to the jury his claim that the County retaliated against him for exercising his First Amendment rights by helping the Christenberrys and Frye. In his brief, Moulton states that "[h]aving raised a genuine issue as to whether he had been fired on an impermissible basis—exercising his freedom of speech," he was entitled to have his claim go to the jury. Appellant's Brief at 16. The defendant argues that Moulton has waived this issue because he failed to raise it in the district court. It is a well-established rule in this circuit that a party waives the right to argue an issue on appeal if he fails to raise that issue before the district court. *Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1237 (7th Cir.1997); *United States v. Rode Corp.*, 996 F.2d 174, 179 (7th Cir.1993). In his complaint, Moulton alleged that the County's actions denied his freedom of speech (Moulton App. at A–43). After that point, however, the record contains no evidence that Moulton alerted the district court that he was pursuing a claim based on the violation of his right of free speech. Moulton had plenty of opportunities to alert the district court to his belief that he was retaliated against for exercising his First Amendment rights but failed to do so. He did not mention this theory in the contentions he submitted to the district court prior to trial (Rec. Doc. 43); he did not object to the district court's omission of this theory in its preliminary instructions to the jury on the § 1983 claim (*see* Trial Transcript, Oct. 14, 1997); and he did not assert this theory in response to the defendant's motion for judgment as a matter of law (*see* Transcript, Vol. III at 449450). Having failed to raise the issue of his First Amendment rights before the district court, Moulton has waived this theory and cannot assert it on appeal.

### II. Due Process Claim

Moulton also argues that the district court erred in granting the defendants' motion for judgment as a matter of law on his claim

under § 1983 that his due process rights were violated when he was terminated by the County without a pre-termination hearing. We review the denial of such a motion *de novo. Collins v. Kibort,* 143 F.3d 331, 334–35 (7th Cir.1998) (citing *Emmel v. Coca–Cola Bottling Co. of Chicago,* 95 F.3d 627, 629 (7th Cir.1996)). However, "we limit our inquiry to whether the evidence presented, combined with all the reasonable inferences permissibly drawn therefrom, is sufficient to support the verdict when viewed in the light most favorable to the party against whom the motion is directed." *Id.* (citing *Gagan v. American Cablevision, Inc.,* 77 F.3d 951, 960 (7th Cir.1996) (other citation omitted)). We reverse the district court's decision to grant the motion only if enough evidence exists to sustain a verdict in favor of the nonmoving party. *Button v. Kibby–Brown,* 146 F.3d 526, 528–29 (7th Cir.1998) (citations omitted).

■ First, the County argues that Moulton waived this issue on appeal as well, since he failed to raise any of the arguments he presents here before the district court. In response to the County's motion for judgment as a matter of law, Moulton's attorney cited *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973), for the proposition that the employment at will doctrine is inapplicable when an employee is terminated for acting under statutorily protected rights. *See* Trial Transcript, Vol. III at 449. However, counsel also argued that Moulton had a property interest in his job and mentioned that County policies might be involved. *Id.* While there was no in-depth presentation of these issues by Moulton's counsel, we find that they were sufficiently presented to the district court. Accordingly, Moulton did not waive his right to appeal his procedural due process claim.

■ When confronted with a due process claim, we must first determine whether the plaintiff possessed a protected life, liberty, or property interest as a matter of substantive law. If the answer to this question is affirmative, we then must decide what process was due before the plaintiff could be deprived of that interest. *Fittshur v. Village of Menomonee Falls,* 31 F.3d 1401, 1405 (7th Cir.1994) (citing *Cleveland Board of Edu-*

*cation v. Loudermill,* 470 U.S. 532, 541, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)). Accordingly, to determine whether Moulton alleged a Fourteenth Amendment violation, we must first decide whether he produced evidence showing that he possessed a property interest in his job that is protected by the Constitution. *Johnson v. City of Fort Wayne, Ind.,* 91 F.3d 922, 943 (7th Cir.1996).

■ Whether Moulton had a substantive property interest in his job is a question of state law. *Flynn v. Kornwolf,* 83 F.3d 924, 926 (7th Cir.), *cert. denied,* — U.S. —, 117 S.Ct. 301, 136 L.Ed.2d 219 (1996) (citing *Fittshur,* 31 F.3d at 1405); *see also Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law."). Protected property interests can arise from such state law sources as statutes, contracts, legally binding rules and regulations, or the "unwritten common law" of employment. *Lawshe v. Simpson,* 16 F.3d 1475, 1480 (7th Cir.1994) (citations omitted). Because Moulton was employed in the State of Indiana, Indiana law controls our query. *Johnson,* 91 F.3d at 943. In its brief, the County argues that Moulton had no protected property interest because he was an employee at will. Under Indiana law, an employee at will has no property interest in further employment. *Phegley v. Indiana Dep't of Highways,* 564 N.E.2d 291, 295 (Ind.App.1990), transfer denied (citations omitted); *Indiana Alcoholic Beverage Comm'n v. Gault,* 405 N.E.2d 585, 589 (Ind.App.1980) ("An employee at will is not entitled to the procedural protections ... attached to a property interest."). Whether Moulton was an employee at will is the subject to which we now turn.

Indiana law has historically recognized two types of employment: employment for a definite or ascertainable term and employment at will. If an employment contract for a definite term exists and the employer has not reserved the right to terminate the employment relationship before the contract ends, an employee may usually not be terminated before the end of the specified term except for cause or by mutual agreement. When no definite or ascertainable term of employment exists, an employee is considered an employ-

ee at will and may be terminated at any time, with or without cause. *Orr v. Westminster Village North, Inc.,* 689 N.E.2d 712, 717 (Ind. 1997) (citations omitted). In Indiana, "the presumption of at-will employment is strong," and the Supreme Court of Indiana is reluctant to adopt broad and ill-defined exceptions to the employment at will doctrine. *Id.*

In this case, we need not rely on the testimony of any of the witnesses at trial or on general principles of law to determine whether Moulton was an employee at will. Area Plan Commissions are products of Indiana law, and their powers and duties are specified by statute. *See* Ind.Code Ann. §§ 36–7–1–1 *et seq.* As part of the statutory framework, § 36–7–4–312 of the Indiana Code provides that the executive director of an area plan commission shall, "subject to the approval of the [area plan] commission, appoint and remove the employees of the Plan department, according to the standards and qualifications fixed by the commission and without regard to political affiliation." Ind.Code Ann. § 36–7–4–312(5) (West 1997). The statute does not specify a term of employment for employees of the Plan department, nor does it establish that employees may be removed only for cause. According to Indiana law, therefore, the statute makes employees of the Plan department, such as Moulton, employees at will, terminable at any time with or without cause.

■ This is not the end of our inquiry, however. Under Indiana law, statutory authority provided to a local governing body is subject to any rules and regulations that body may promulgate. *Gault,* 405 N.E.2d at 589; *see also Johnson,* 91 F.3d at 943 (local ordinance may create property interest even when state law does not). Moulton argues that notwithstanding the statutory language, policies of the County gave him a property right in continued employment. To this end, Moulton stresses that testimony at trial showed that the County had a policy of giving Plan commission employees a hearing before they were terminated. For one, Moulton points out that on a previous occasion when he was going to be terminated (because his job was being eliminated), the Plan commission gave him a pre-termination hearing. He also cites the testimony of former area Plan commission director Bernard Frye, who stated that a hearing was required before an employee could be fired. *See* Trial Transcript Vol. I at 38.

■ The mere fact that an employee is entitled to a hearing before he is terminated, however, does not establish that he has a property right in his job.

A mere right to notice and a hearing, which places no more constraint on the employer's freedom of action than is inherent in having to confront the employee in a public forum, does not change the essential character of the employment relationship as one of employment at will; it does not convert it into a form of tenure employment and thus create a Fourteenth Amendment property right.

*Lyznicki v. Board of Education, School Dist. 167, Cook County, Ill.,* 707 F.2d 949, 952 (7th Cir.1983); *accord Endicott v. Huddleston,* 644 F.2d 1208, 1214 (7th Cir.1980) (right to public hearing created by state law is not a property interest for Fourteenth Amendment purposes; not every interest accorded by state law is a property interest). Moulton's entitlement to a hearing may bear on whether he received due process, but it is not relevant to determining whether he had a property interest in continued employment.

Beyond evidence supporting the notion that he may have had a right to a pre-termination hearing, Moulton failed to present anything that could be viewed as supporting the proposition that he had a property interest in his job. In his brief, Moulton does allude to the fact that a mutually explicit understanding of rules and regulations can create a property right when such rules and regulations are appropriately promulgated. *See* Appellant's Brief at 14 (citing *Lawshe,* 16 F.3d 1475). However, like the district court, we cannot find from the record any evidence which shows that the Commission "appropriately promulgated" the County's termination policies. No evidence supports Moulton's claim that he had a property interest in his job. Accordingly, Moulton did not meet the first burden of proving a due process viola-

tion, and the district court correctly granted judgment to the defendant.

## CONCLUSION

Because we find that Moulton failed to present evidence which proved that he had a protected property interest in his job, his due process claim fails as a matter of law. Accordingly, we AFFIRM the district court's decision granting the defendant's motion for judgment as a matter of law.