165 F.3d 31
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Deborah DENNEY, Plaintiff-Appellant,
v.
EATON CORPORATION, Defendant-Appellee.
 No. 98-1186.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1998.*
Decided Nov. 20, 1998.
 
 Appeal from the United States District Court for the Central District of Illinois. No. 97-C-3035. Richard Mills, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. JOEL M. FLAUM, Hon. FRANK H. EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Deborah Denney brought this action alleging that her former employer, Eaton Corporation ("Eaton"), terminated her because of her disabilities and refused to reasonably accommodate her disabilities in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12117. She alleges that she is disabled because she suffers from bi-polar disorder, recurrent depression, alcoholism and chemical dependency, although she maintains that her alcoholism and chemical dependency are in complete remission. Denney also alleges that her bi-polar disorder and recurrent depression are controlled by medication, but that she requires medical leave as an accommodation when the level of her medication needs to be adjusted. She alleges that she was on medical leave after suffering from an overdose of prescription medication when Eaton terminated her for not reporting to work for three consecutive days without notifying anyone. The district court granted summary judgment for Eaton and dismissed the case with prejudice, holding that Denney's suit was time-barred because Denney did not file her charge with the EEOC within the applicable 300-day statute of limitations period. We affirm.
 
 
 2
 On May 27, 1995, Denney received a letter from Eaton informing her that her failure to report to work for three consecutive days without notifying anyone constituted a voluntary termination of her employment. Denney alleges that she believed her termination letter was a mistake, because she thought her doctor had informed her employer that she was on medical leave. Denney also alleges that she thought that her union representative would rectify the mistake. On June 13, 1995, Denney learned that Eaton denied her second-step grievance protesting her termination. On April 2, 1996, Denney filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that she was fired because of her disabilities in violation of the ADA. April 2, 1996, is more than 300 days after Denney received notice of her termination on May 27, 1995. An ADA charge is not timely if it is filed more than 300 days after the alleged unlawful employment practice occurred. See 42 U.S.C. § 12117(a) (adopting the charge-filing requirements of Title VII, 42 U .S.C. § 2000e-5); Huels v. Exxon Coal USA, Inc., 121 F.3d 1047, 1049 (7th Cir.1997) (applying Title VII's requirements to an ADA case).
 
 
 3
 We review a district court's grant of summary judgment de novo. Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir.1996). We determine whether a genuine issue of material fact exists for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We view the evidence and draw all inferences in the light most favorable to the nonmoving party. Tolentino v. Friedman, 46 F.3d 645, 649 (7th Cir.1995).
 
 
 4
 The 300-day statute of limitations period begins to run on the date that a plaintiff discovers her injury. Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir.1991). Denney alleges that she did not "discover" the discriminatory nature of her injury until the union confirmed that Eaton did not fire her by mistake. However, we have previously rejected such logic, holding that the statute of limitations begins to run after the plaintiff discovers the injury, not after the plaintiff discovers that the injury is unlawful. See, e.g., Thelen v. Marc's Big Boy Corp., 64 F.3d 264, 267 (7th Cir.1995) (holding that Thelen discovered his injury when first informed of his termination, not when he later learned that his replacement was 33 years younger). In this case, Denney discovered her injury when she received her letter of termination on May 27, 1995. The union's pursuit of Denney's grievance does not defer the discovery date. See, e.g., Soignier v. American Board of Plastic Surgery, 92 F.3d 547, 553 (7th Cir.1996) (holding that a failed internal appeal is not a fresh act of discrimination and therefore does not affect the date on which a plaintiff's claim accrues).
 
 
 5
 Denney argues alternatively that equitable tolling applies to make her charge timely. A plaintiff may toll the statute of limitations if, despite all due diligence, she is unable to obtain enough information to conclude that she may have a discrimination claim. Thelen, 64 F.3d at 268. Under the equitable tolling doctrine, the limitations period begins to run when a reasonable person would believe that she has a cause of action. The plaintiff must then file her charge with the EEOC within a reasonable period of time; she does not gain a fresh 300 days to file. Id. In this case, Denney had enough information to file a charge when she received the letter of termination on May 27, 1995. She knew on that date that she had been fired while she was allegedly on medical leave. Even if we were to accept Denney's argument that she did not "know" she was fired until her union grievance was denied on June 13, 1995, Denney waited until April 2, 1996 to file her charge. This delay was not reasonable and therefore equitable tolling does not apply.
 
 
 6
 Proceeding pro se on appeal, Denney blames her attorney for not filing her charge in a timely fashion. However, even if Denney's attorney were to blame, equitable tolling does not apply because, as discussed above, Denney had the information necessary to file a discrimination charge when she received the May 27, 1995, termination letter. Denney also raises a new claim under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2612. Because this claim was not raised below, however, it is waived. See Moulton v. Vigo County, 150 F.3d 801, 803 (7th Cir.1998).
 
 
 7
 Accordingly, we AFFIRM the district court's grant of summary judgment in favor of Eaton, dismissing Denney's claim as time-barred.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)