**David C. ZIMMERMAN,**
Plaintiff–Appellant,

v.

**PRISON HEALTH SERVICES, INC.,**
et al., Defendants–Appellees.

No. 01–3301.

United States Court of Appeals,
Seventh Circuit.

Submitted March 20, 2002.*

Decided March 25, 2002.

---

* Because there are no appellees to be served in this appeal, the appeal has been submitted without the filing of a brief by the appellee. After an examination of the brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, CUDAHY, and DIANE P. WOOD, Circuit Judges.

## ORDER

David Zimmerman claims in a 42 U.S.C. § 1983 suit that prison doctors and administrators have treated his Hepatitis C condition with deliberate indifference. As part of that suit he sought a preliminary injunction ordering the Indiana Department of Corrections to provide him with a Hepatitis A vaccination, a liver biopsy, and therapy combining drugs effective against Hepatitis C. The district court declined to issue the injunction, and Zimmerman brought this interlocutory appeal. *See* 28 U.S.C. § 1292(a)(1).

In order to obtain a preliminary injunction, Zimmerman needed to prove to the district court (1) that his underlying case has some likelihood of success on the merits; (2) that no adequate remedy at law exists; and (3) that he will suffer irreparable harm if the injunction is not granted. *Ty, Inc. v. Jones Group Inc.*, 237 F.3d 891, 895 (7th Cir.2001). Focusing on the first and third prongs, the district court found that Zimmerman's case is not likely to succeed on the merits and that he would not suffer irreparable harm in the absence of an injunction.

On appeal Zimmerman attempts to show that he is likely to succeed on the merits. But in order to prevail in his § 1983 suit, Zimmerman must prove that the defendants acted with the "deliberate indifference" that transforms ordinary instances of malpractice into constitutional violations. *Farmer v. Brennan*, 511 U.S. 825, 837–38, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Deliberate indifference exists only where an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* As evidence of deliberate indifference, Zimmerman presented the district court with documentation detailing the defendants' decision not to innoculate him against Hepatitis A, the thirteen-month delay between the time that a physician first ordered a liver biopsy (June 2000) and the time when the prison eventually scheduled it (July 2001), and the defendants' failure to provide him with combination therapy thus far.

None of this evidence establishes that the defendants disregarded an excessive risk to his health. The record reveals that a physician at the prison made a medical judgment not to innoculate Zimmerman against Hepatitis A because there have been no cases of Hepatitis A infection in the Indiana prison system for the past ten years. And although excessive delays in medical diagnosis or treatment can establish deliberate indifference, *see Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir.1996), the evidence presented to the district court here suggested that the delayed biopsy stemmed not from deliberate indifference but rather bureaucratic obstacles and perhaps negligence—scheduling difficulties, prison staff errors in filling out the form to request the biopsy, and Zimmerman's transfer from a Kentucky prison back to Indiana so that Indiana could treat him according to its protocols. Furthermore, according to doctors' letters in the record and Indiana's protocol for treating prisoners with Hepatitis C, combination therapy usually does not begin until after a liver biopsy has been performed to determine the patient's particular Hepatitis C

genotype; nothing presented to the district court suggests that the defendants disregarded Zimmerman's condition and withheld combination therapy. Against this factual backdrop, we cannot say that the district court erred by finding that Zimmerman's case was not likely to succeed. *See Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir.2001) ("A difference of opinion as to how a condition should be treated does not give rise to a constitutional violation."); *Sellers v. Henman*, 41 F.3d 1100, 1102–03 (7th Cir.1994) ("It would be a great mistake ... to infer ... that a series of purely negligent acts can be equated to an act of deliberate indifference.")

■ For the first time on appeal, Zimmerman also presents evidence tending to show that prison staff delayed his medical care because he refused to participate in a religiously oriented drug-treatment program. Although we have disapproved of the state forcing prisoners to participate in such programs, *see Kerr v. Farrey*, 95 F.3d 472 (7th Cir.1996), Zimmerman waived appellate review of this issue by not presenting it to the district court, *see Moulton v. Vigo County*, 150 F.3d 801, 803 (7th Cir.1998).

Because we .affirm the district court's finding that Zimmerman's case is not likely to succeed, we need not address whether he would suffer irreparable injury in the absence of an injunction. *See Curtis v. Thompson*, 840 F.2d 1291, 1297 (7th Cir. 1988). We do note that Zimmerman admits in his brief that he finally received a liver biopsy on October 1, 2001, which moots his request that defendants be required to carry out that procedure. We assume that the defendants will promptly begin whatever treatment is dictated by the biopsy's results. Finally, because this case is ongoing in the district court, we do not have jurisdiction to review Zimmerman's argument regarding the district court's dismissal of his claim that Prison Health Systems, Inc. encourages its employees to delay and deny needed health care. *See* 28 U.S.C. § 1291.

AFFIRMED.