In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-3262

LYRIC H. HALE, et al.,

*Plaintiffs-Appellants,*

*v.*

VICTOR CHU, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:08-cv-05548—**Virginia M. Kendall**, *Judge.*

ARGUED JUNE 1, 2010—DECIDED AUGUST 9, 2010

Before BAUER, FLAUM and TINDER, *Circuit Judges.*

BAUER, *Circuit Judge.* The district court dismissed a derivative action that was brought on behalf of a dissolved corporation. We affirm.

## I. BACKGROUND

Plaintiffs Lyric Hale, Michael Grainger, and Dr. Ronald Michael, individually and as derivative representatives

of China Online, Inc., filed a corporate derivative lawsuit against defendants China Online, Victor Chu, Pansy Ho Chiu-King, and Stanley Ho Chiu-King, in the Circuit Court of Cook County, Illinois.[1] The complaint contained two counts asserting that the defendants breached their fiduciary obligations and duties owed to China Online and its shareholders: the first claiming that Chu breached his fiduciary obligation to China Online by engaging in a series of illegal acts designed to undercut the financial health of China Online, and the second claiming that Pansy Ho Chiu-King and Stanley Ho Chiu-King knew of Chu's fiduciary obligation to China Online and aided and abetted him in subverting the corporate health of China Online as described in the first count. Chu[2] filed a notice of removal, asserting

---

[1]  A derivative suit permits a shareholder to bring an action on behalf of a corporation. *Ross v. Bernhard*, 396 U.S. 531, 538 (1970). A derivative suit has dual aspects: first, the stockholder's right to sue on behalf of the corporation; and second, the claim of the corporation against directors or third parties. *Id.* The corporation is a necessary party to the action; without it the case cannot proceed. *Id.* Although named a defendant, it is the real party in interest, the stockholder being at best the nominal plaintiff. *Id.* Preconditions for a derivative action include both a valid claim on which the corporation could have sued, and that the corporation itself has refused to proceed after suitable demand, unless excused by extra-ordinary conditions. *Id.* at 534.

[2]  This Court understands that neither Pansy Ho Chiu-King nor Stanley Ho Chiu-King were served with the summons or Complaint.

that the district court had jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446, because the plaintiffs, citizens and residents of Illinois, fraudulently joined China Online, incorporated in Delaware with its principal place of business in Illinois, as a defendant and as such, should be disregarded as a defendant. Chu maintains that when China Online is disregarded as a defendant, complete diversity exists because Chu is a resident of Hong Kong and a citizen of Great Britain and Pansy Ho Chiu-King and Stanley Ho Chiu-King are both citizens and residents of Hong Kong.

Pending before the district court were two motions. First, the plaintiffs filed a motion to remand the action to state court, arguing that complete diversity did not exist as China Online was a necessary party (and not fraudulently joined) because a corporation is a necessary party defendant in a derivative action. Second, Chu filed a motion to dismiss, arguing fraudulent joinder and failure to state a claim.

Before ruling on these motions, the district court ordered the parties to file supplemental briefs addressing the following issues:

> 1) if shareholders can bring a derivative lawsuit on behalf of a dissolved corporation, 2) if they can, whether demand is excused, and 3) if demand is not excused, whom the shareholders are to make the demand upon, as China Online has no current board of directors.

6/2/2009 Minute Order.

After reviewing the supplemental briefs, the district court denied the plaintiffs' motion to remand and granted Chu's motion to dismiss.

In denying the motion to remand, the district court concluded that China Online was a fraudulently joined defendant because there was no possibility that the plaintiffs' complaint could state a derivative cause of action against China Online. In reaching this conclusion, the district court noted that China Online was dissolved prior to the plaintiffs filing their action and that under Delaware law, dissolution of a corporation terminates an individual's status as a shareholder of the corporation, which bars the individual from bringing a derivative action on behalf of the dissolved corporation. *Hale v. China Online, Inc.*, No. 08 C 5548, 2009 WL 2601357, *2 (N.D. Ill. August 21, 2009) (citing *Giordano v. Marta*, No. CIV. A. 11613, 1998 WL 227888, at *4 (Del. Ch. April 28, 1998)) (plaintiff was no longer stockholder of dissolved corporation and never complained or took any action with respect to the dissolution and therefore no longer had standing to sue derivatively on behalf of corporation). The district court further held that even if the plaintiffs had standing to bring a derivative action, they failed to make the requisite demand upon China Online's former board of directors before instituting suit and failed to plead demand futility. *Hale v. China Online, Inc.*, 2009 WL 2601357, at *3.

Similarly, in granting Chu's motion to dismiss, the district court found that the plaintiffs' complaint failed to state a claim: it failed to state a derivative cause of

action because the plaintiffs lacked standing to bring a derivative cause of action on behalf of a dissolved corporation, and even if they did have standing, they failed to plead demand futility. *Hale v. China Online, Inc.*, 2009 WL 2601357, at *5. The district court dismissed the plaintiffs' individual claims, ruling that they failed to state a cause of action because their individual claims would seek to assert rights that may only be asserted by China Online, *i.e.*, their claims would be derivative of the harm suffered by China Online. *Id.* Finally, the district court sua sponte dismissed the plaintiffs' complaint against the remaining defendants.

The plaintiffs appealed. On appeal, the plaintiffs agree that they could not bring a derivative lawsuit in the name of China Online because it was dissolved before they filed this lawsuit. Appellants' Br. at 12. However, they argue that the district court should not have dismissed their complaint because there were sufficient facts before it to establish that the complaint, while styled as a derivative lawsuit brought on behalf of China Online, was really a lawsuit brought directly by China Online and that "substance should prevail over form." Appellants' Br. at 14. The plaintiffs make this contention despite never arguing to the district court that the complaint asserted direct claims by China Online. The plaintiffs also seek remand so that the district court can address whether there is personal jurisdiction over Chu (the district court had previously denied Chu's motion to dismiss for lack of personal jurisdiction as moot).

## II. DISCUSSION

We review a district court's order granting a motion to dismiss de novo. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). All well-pleaded facts are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. *Id.* The allegations in the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965, 1973 n.14 (2007)).

Here, the plaintiffs do not object to the district court's ruling that dismissed their derivative action. Instead, they argue that the district court should have known that their complaint, which was styled as a derivative action and that stated "China Online, as a derivative plaintiff," was really a direct action brought by China Online in its own name.

It is well-established that a party waives the right to argue an issue on appeal if he fails to raise that issue before the trial court. *Moulton v. Vigo County*, 150 F.3d 801, 803 (7th Cir. 1998)*; Stevens v. Umsted*, 131 F.3d 697, 705 (7th Cir. 1997) ("It is axiomatic that arguments not raised below are waived on appeal."). The record contains no evidence that the plaintiffs ever alerted the district court that China Online was pursuing a direct claim against the defendants, despite having ample opportunity to do so. Failure to raise this argument before the district court is particularly egregious be-

cause the district court gave both parties the opportunity to address whether shareholders could bring a derivative lawsuit on behalf of a dissolved corporation. At no time did the plaintiffs move to amend their complaint to include a direct cause of action.

We conclude that the plaintiffs have waived this argument. And, because allegations in the complaint did not plausibly suggest that the plaintiffs had a right to relief, we conclude that the district court correctly dismissed the complaint. Once again, Chu's motion to dismiss for lack of personal jurisdiction is moot.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the district court's order.