NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 19, 2012[*]
Decided November 19,. 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2784

| | |
|---|---|
| RUTH LEIGH and SARAH STURGEON, *Plaintiffs–Appellants,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 07-2155 |
| JACK KEMP, et al., *Defendants–Appellees.* | Michael P. McCuskey, *Judge.* |

**O R D E R**

Ruth Leigh and Sarah Sturgeon appeal the denial of their postjudgment motion challenging the district court's grant of summary judgment against them in this civil-rights action. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

This case arises from a dispute in 2005 between Leigh and her neighbor, Jack Kemp, about landscape boulders that she had placed along the road of their cul-de-sac. Kemp complained to the township highway commissioner that the boulders obstructed the road. The commissioner determined that the boulders were on the township's right-of-way and, with sheriff's deputies keeping the peace, decided to remove them. Leigh and her sister Sturgeon (staying with her at the time) protested the boulders' removal by sitting on them and disregarding the deputies' orders to move. The deputies arrested both sisters for resisting a peace officer, and the township removed the boulders.

Two years later, in 2007, Leigh and Sturgeon filed a suit in federal court under 42 U.S.C. § 1983, claiming that Kemp, the highway commissioner, and the sheriff's deputies deprived them of their property interest in the road in front of Leigh's home; that the deputies falsely arrested and maliciously prosecuted them; and that the arrest defamed Leigh. The district court, on Kemp's and the commissioner's motions, granted summary judgment on all claims. The court explained that Leigh and Sturgeon had no protected property interest in the right-of-way and that the deputies had probable cause to arrest them for ignoring orders. *See* 720 ILCS 5/31-1. The plaintiffs' state-law claims, the court concluded, were barred by the one-year statute of limitations. *See* 745 ILCS 10/8-101. The plaintiffs appealed 31 days later, and we dismissed their appeal as untimely.

Leigh and Sturgeon then moved under Federal Rule of Civil Procedure 60(b) to set aside the judgment as void, contending that the district court had, among other things, wrongly accepted the defendants' factual misrepresentations. The court denied the motion, explaining that the sisters' arguments essentially disputed the court's grant of summary judgment, and that such arguments were appropriate for a direct appeal but not a Rule 60(b) motion.

On appeal, Leigh and Sturgeon characterize the district court's summary judgment order as void, *see* FED. R. CIV. P. 60(b)(4), apparently because, they say, their due-process rights have been violated (they do not clearly explain why). Although we review motions under Rule 60(b)(4) less deferentially than motions under other sections of Rule 60(b), *Philos Techs., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 854–55 (7th Cir. 2011), Leigh and Sturgeon must still develop an argument about why the court's denial of their Rule 60(b) motion was incorrect. *See* FED. R. APP. P. 28(a)(9). To the extent they suggest that the judgment is void because they were not given notice or an opportunity to be heard, their many filings in the district court reflect otherwise. Their motion was properly denied.

Leigh and Sturgeon next assert that the district court's summary judgment ruling wrongly rested on unspecified factual misrepresentations set forth by Kemp and the commissioner. *See* FED. R. CIV. P. 60(b)(3). But an argument based on legal error—as

opposed to factual information that comes to light after the judgment—is not a basis for relief under Rule 60(b). *See Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002). And even construing their argument as asserting fraud under Rule 60(b)(3), the sisters' contentions are vague and fail to satisfy the requirement that fraud be proven by clear and convincing evidence. *See Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010); *Ty Inc. v. Softbelly's, Inc.*, 517 F.3d 494, 498 (7th Cir. 2008).

Leigh and Sturgeon have waived several of their other arguments—including charges of judicial bias, fraud committed on the court by the defendants, and a catchall argument under Rule 60(b)(6)—by not raising them in the district court. *See Hale v. Victor Chu*, 614 F.3d 741, 744 (7th Cir. 2010). The remainder of their arguments warrant no further discussion because they either improperly challenge the court's summary judgment order (such arguments should have been raised in a timely direct appeal, *see Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008)) or simply lack merit.

**AFFIRMED**.