Brittany COLEY, Plaintiff-Appellant,

v.

Mike ABELL, et al., Defendants-Appellees.

No. 16-3635

United States Court of Appeals, Seventh Circuit.

Submitted March 27, 2017 *

Decided March 29, 2017

Brittany Coley, Pro Se

Kyle Hunter, Attorney, Office of the Attorney General, Indianapolis, IN, for Defendants-Appellees

Before RICHARD A. POSNER, Circuit Judge DIANE S. SYKES, Circuit Judge DAVID F. HAMILTON, Circuit Judge

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

## ORDER

Brittany Coley appeals the grant of summary judgment dismissing her lawsuit under 42 U.S.C. § 1983. She alleges that employees of the Indiana Department of Child Services ("DCS") lacked probable cause and thereby violated due process by removing her children from her home and three days later obtaining a court order that probable cause justified the removal. Because issue preclusion bars relitigating whether probable cause supported the removal and *Rooker-Feldman* bars a challenge to the state court's order, we affirm the judgment.

We construe the record in Coley's favor because she opposes summary judgment. *Springer v. Durflinger*, 518 F.3d 479, 483–84 (7th Cir. 2008). When school officials noticed swelling and lumps on the limbs of D.C., Coley's 11-year-old son, they contacted DCS. Kathleen Landrum, a DCS case manager, interviewed D.C., who said that Coley had hit him for tripping his younger brother. D.C. added that he didn't feel safe at home and was concerned for his younger brothers' safety. Landrum also interviewed one of D.C.'s younger brothers, who denied physical abuse. Landrum then contacted a pediatrician, who advised bringing D.C. to the emergency room. Coley met Landrum and D.C. at the hospital, where she admitted that she hit D.C. with a plastic oven-door handle. Landrum's supervisor, Mike Abell, eventually decided that D.C. and his brothers were at imminent risk of further injury. It was Friday evening and the courts were closed, so the boys were removed without a court order and placed in foster care after DCS determined that Coley's sisters were disqualified for placement.

After the weekend DCS obtained a court order for the removal. An Indiana juvenile court received DCS's Verified Petition Alleging Children to be in Need of Services supported by an affidavit from Landrum. The court held a hearing at which Coley appeared and was represented by a public defender. It found probable cause that Coley's children were in need of services and imminently endangered. Accordingly, the court ruled that removal was necessary to protect the children and that no reasonable efforts could be made to prevent their removal.

The removal was temporary. After the court hearing, Landrum transferred the case to another case manager who assessed the need for permanent removal. That manager recommended that Coley participate in a home-based program addressing appropriate and safe disciplinary methods. The juvenile court eventually concluded that the children were no longer in need of services and, after a little less than three months, ordered their return to Coley.

In the meantime Coley was charged with battery on a child with injury. *See* IND. CODE § 35-42-2-1(a)(2)(B) (2013). Coley asserted the defense of reasonable corporal punishment. After a trial a jury found her not guilty.

This lawsuit followed. The district court screened the complaint, *see* 28 U.S.C. § 1915(e)(2)(B), and dismissed DCS on sovereign-immunity grounds. It allowed two claims to proceed: Coley principally alleged that DCS officials removed her children without probable cause and therefore without due process. She also alleged that they violated the Fourth Amendment by seizing her children without a court order.

The district court granted summary judgment for the defendants. It reasoned that issue preclusion barred Coley's due-process claims because success required finding that her children had been removed without probable cause. And since

Coley did not dispute that she had had a full and fair opportunity to litigate probable cause in juvenile court, that court's decision precluded her claims. The district court also noted that Coley could not base a personal Fourth Amendment claim on the seizure of her children.

We consider Coley's appeal in two parts. First, Coley contends that the defendants lied about or omitted facts in court to obtain the removal order, and they thereby denied her due process. The *Rooker-Feldman* doctrine blocks federal district courts from hearing claims that a state-court judgment harmed a federal plaintiff. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Jensen v. Foley*, 295 F.3d 745, 747–48 (7th Cir. 2002). The doctrine also covers claims, like Coley's, that misstatements made to a state court produced a harmful judgment. *See Harold v. Steel*, 773 F.3d 884, 886–87 (7th Cir. 2014); *Kelley v. Med-1 Sols., LLC*, 548 F.3d 600, 605 (7th Cir. 2008) (holding that *Rooker-Feldman* barred claims that lies to a state court produced an adverse judgment). Thus, *Rooker-Feldman* bars Coley's claim that the defendants' alleged lies to the state court let to the removal order.

Coley also contends that the defendants' removal of the children during the weekend *before* the court's involvement denied her due process because the removal preceded a valid finding of probable cause. But under § 31-34-2-3 of the Indiana Code (whose validity Coley does not question), DCS may lawfully remove a child if before it has time to seek a court order, it has probable cause to believe that the child is in serious, immediate danger. The state juvenile court has ruled that DCS had such probable cause to remove Coley's children. Federal courts give state-court judgments the same preclusive effect as would that state's courts. *See* 28 U.S.C. § 1738. In Indiana subsequent litigation is barred on an issue that was determined on the merits in a former suit between parties that, as Coley conceded in the district court, was full and fair. *Haber v. Biomet, Inc.*, 578 F.3d 553, 556 (7th Cir. 2009). Because Coley may not relitigate the issue of probable cause, any claim that depends on its absence is precluded. *See Jensen*, 295 F.3d at 749. Moreover, because Coley received a prompt postremoval hearing on probable cause, she received procedural due process. *See* IND. CODE § 31-34-5-1(a) (a child taken into detention under IND. CODE § 31-34-2 must have a detention hearing within 48 hours, excluding weekends and holidays); *Jensen*, 295 F.3d at 747 (procedural due process satisfied when a postdeprivation hearing was held within the statutorily required period).

We can quickly dispatch Coley's remaining arguments. First, she contends that the district court erred when it dismissed DCS because, she says, the state waived sovereign immunity by accepting federal funds. But Congress can abrogate sovereign immunity only by federal statute and only if the statute's text demonstrates waiver. *Sossamon v. Texas*, 563 U.S. 277, 290–91, 131 S.Ct. 1651, 179 L.Ed.2d 700 (2011). The general receipt of federal funds, which is all Coley has identified, does not waive sovereign immunity. *See id.* Second, Coley maintains that she suffered a Fourth Amendment violation when her children were seized, but the seizure of one person does not violate another's Fourth Amendment rights. *Hernandez ex rel. Hernandez v. Foster*, 657 F.3d 463, 480 (7th Cir. 2011). Finally, Coley raises several arguments that she waived because she did not raise them in the district court. *See Hale v. Chu*, 614 F.3d 741, 744 (7th Cir. 2010). (These are allegations that DCS told more lies to the state court, that DCS did

not inform her of the right against self-incrimination, that her public defender did not provide her with adequate representation, and that DCS violated the Fourth Amendment by requiring her to sign forms and participate in state-mandated services.)

AFFIRMED.